[No. 4,416.]

## A. HALETT v. MELISSA V. PATRICK, ADMINISTRATRIX OF THE ESTATE OF JAMES POLK WRIGHT, DECEASED.

GUARDIAN OF INSANE PERSON.—On filing the proper petition for the appointment of a guardian of the person and estate of one alleged to be insane, and on giving the notice required by the Statute, the Probate Court acquires jurisdiction to adjudicate the question of insanity, and to select a guardian, and is not restricted as to the person to be appointed guardian, even if the petition asks that the petitioner be appointed.

IDEM.—In such case, if the petitioner is appointed and fails to give the required bond, the Court may, in the same proceeding, appoint another person as guardian without a new notice, even if the person thus appointed files a petition asking for the appointment. The second appointment is a step in the original proceeding. Notice having been given of the original application, the person notified must take notice of every subsequent step.

APPEAL from the District Court, Second Judicial District, County of Butte.

On the 9th day of March, 1870, Abraham T. Enos petitioned the Probate Court of Butte County to be appointed guardian of the person and estate of James Polk Wright. The petition stated that Wright had real and personal property in Butte County, and was insane. The Court issued a citation to Wright to appear, on the 26th day of April, 1870, and show cause against the application. The citation was served, and the Court made an order, on said 26th day of April, appointing Enos, upon his executing and filing a bond in the sum of three thousand dollars, with sureties. On the 11th day of July, 1870, the plaintiff petitioned to be appointed said guardian. The petition contained merely the usual statements that Wright was insane, and had

property in Butte County, and made no reference to the former application of Enos. The Court, on said 11th day of July, made an order appointing the plaintiff. The following is the order.

"Now on this 11th of July, 1870, it appearing to the satisfaction of the Court that said James Polk Wright is insane, and by reason of said insanity incapable of properly managing his own affairs. It further appearing that said James Polk Wright is a resident of Butte County, now at a private asylum in Alameda County. It further appearing that said James Polk Wright is the owner and possessor of certain real and personal property; and it further appearing that heretofore, viz, on the 18th day of March, A. D. 1870, a petition was filed by one Abraham T. Enos, praying that letters of guardianship of the estate and person of said James Polk Wright, and it appearing on proofs adduced that the said James Polk Wright was insane, and incompetent to manage his own affairs, an order was made on the 26th day of April, 1870, appointing the said Abraham T. Enos guardian of the estate and person of the said James Polk Wright, and requiring him to give bonds in the sum of three thousand dollars, conditioned for the faithful performance of his duties as such guardian. And it further appearing that sufficient time having been given to the said Abraham T. Enos to file said bond, and he having failed to do so, it is ordered that A. Halett, having filed his petition to be appointed guardian of the estate and person of the said James P. Wright, and upon the reading of said petition, and the proofs adduced, it is ordered that the said A. Halett be appointed guardian of the person and estate of the said James P. Wright, upon his filing a bond to said Wright in the sum of two thousand dollars, conditioned for the faithful performance of his duties as such gardian."

Halett gave the required bond, and letters were issued to him, and he entered upon the discharge of his duties, and continued to discharge them until the 9th day of November, 1871, on which day Wright died. On the 30th day of April, 1872, the said Court appointed the defendant admin-

istratrix of the estate of Wright. On the 8th day of July, 1872, the plaintiff filed in the Probate Court his report and final account as guardian. The defendant appeared and filed an objection to the account on the ground that Halett was not the legally constituted and appointed guardian. The Court settled the account, and adjudged that there was due the plaintiff from the estate of Wright $440 67. This action was brought to recover said sum. On the trial the defendant objected to the order appointing the plaintiff guardian being received in evidence, on the ground that no citation had been issued, and that, therefore, the Probate Court had not acquired jurisdiction of the person of Wright. The Court overruled the objection.

The Court held that Halett's appointment was void, and rendered judgment for the defendant. The plaintiff appealed.

*Gifford & Lusk* and *J. M. Burt,* for the appellant.

Under the provisions of our Probate Law (secs. 347, 348 and 349), re-enacted into the Code of Civil Procedure, (secs. 1,763, 4 and 5), if a petition is presented by any relative or friend that a person is insane, etc., the Judge must cause notice of the time and place set for hearing the same to be given to said insane, and then if, after a full hearing of the same, he decide him insane, "he must appoint a guardian of his person and estate."

The object of the notice is only to bring the insane person, if he desires, before the Court, and allow him to show his sanity, or mental competency to manage his own affairs. And that question being within the Court's jurisdiction, once settled, can only be disturbed by appeal. It is obvious that that is the only object of the notice, from the fact that the only allegation required in the petition is that " the person is insane, or from any cause mentally incompetent to manage his property;" and, therefore, that is the one issue to be tried at the hearing.

The statute was complied with, and the insane had full opportunity to show his mental condition to be otherwise than alleged in the petition, if he were able. Then it be-

comes the duty of the Court to appoint "a guardian," any one it sees fit; and here the Court will observe the difference between the appointment of administrators, and guardians of insane. In the former case, the party presents his petition setting up his right as child, creditor, widow or otherwise, and if the petition is shown to be correct and the party is under no legal disability, then the Court, as a matter of law, is bound to appoint him—the party petitioning—and issue him the letters for which he prays. But in case of guardians of insane persons, it is very different. Here the petition should not pray for the appointment of any particular person, and if it actually does in the petition presented by Enos, it was mere surplusage, unwarranted by the statute and inconsistent with the practice.

In their jurisdiction over persons of this class, Probate Courts take the position held by Courts of Chancery, and Section 1,764 of our Code of Civil Procedure is simply an enactment of the principle settled by countless decisions—that the appointment of a guardian is wholly in the discretion of the Court—no one being entitled to it as matter of right, never collaterally to be questioned, and only to be disturbed on appeal in case of palpable abuse of the discretion. (*Long* v. *Rhymes*, 2 Murph. 122; *Wynne* v. *Always*, 1 Murph. 38; *Battle* v. *Vick*, 4 Dev. 294; *Ex parte Richards*, 2 Brevard, 375; *Huil* v. *Nixon*, 6 Port. 77 ; *Cowls* v. *Cowls*, 3 Gilman, 435; *Saddler* v. *Rose*, 18 Ark. 600; *Ex parte Bartlett*, 3 Brad. N. Y. 130.)

Further notice was not required in Halett's petition. (*Davidson* v. *Johomut*, 7 Met. 338; *Brigham* v. *Boston, etc., R. R. Co.*, 14 Mass. 102; *Speight* v. *Knight*, 11 Ala. 461.) The appointment of guardian cannot be questioned in a collateral proceeding, or in *habeas corpus*, and is deemed valid till reversed or set aside. (Tyler on Infancy and Coverture, 259; *People* v. *Wilcox*, 22 Barb. 178; *Fitts* v. *Fitts*, 21 Texas, 571.)

*P. O. Hundley,* for the Respondent.

The Judge does not acquire jurisdiction of the persons

and estate of the insane person by the filing of the petition, but the jurisdiction comes from the service of the notice upon the supposed insane person, of the time and place of hearing such petition, or the case made by it. The statute provides that two classes of persons may present this petition to the Judge. First, a relative; secondly, a friend.

The petition presented by Enos was an independent proceeding on his part; that presented by appellant, a separate and independent proceeding from that instituted by Enos. There being only two classes of persons that are entitled to present a petition, he would be entitled to show that the person presenting his petition was not a relative, and was not a friend, but a stranger who desired to gain possession of his property for other than commendable motives, and under the allegations of each petition to show that he was not insane when the petition was presented, nor at the hearing. The appointment of guardian can be attacked collaterally, if made without jurisdiction. (*Whitwell* v. *Barbier et al.*, 7 Cal. 54; *McMinn* v. *Whelan et al.*, 27 Cal. 300, 314; *Hahn* v. *Kelly*, 34 Cal. 391.)

The case of a guardian acting without legal authority, stands before the law and upon principle as an executor *de son tort*. The latter is held as a trustee and legal executor for all purposes of accountability. He must answer as an executor when actions are instituted against him; he " is liable to all the trouble of an executorship, without any of the profits or advantages." (2 Wendell's Blackstone, p. 507; *Crooks* v. *Turpin*, 1 B. Mon. 185.)

By the Court, CROCKETT, J.:

On the filing of the petition by Enos, and the service on Wright of the notice required by the statute, the Court acquired jurisdiction to adjudicate the question of insanity and to appoint a guardian. On determining that Wright was insane, the Court had authority to select a guardian, and its discretion in the selection of a proper person was in no degree restricted by the fact that in his petition Enos prayed that he himself be appointed. Under that petition,

the Court had authority to exercise its discretion as to the person to be appointed. It appointed Enos, coupled with a condition that he execute a proper bond, as required by the statute. The law annexes this condition to the appointment, and the Court had no power to dispense with it. After a sufficient time had been allowed for that purpose, Enos failed to execute the bond, and his appointment remained ineffectual and incomplete. He never became the guardian of Wright, and the proceeding remained in *fieri* until a guardian was appointed and qualified. The Court did not lose its jurisdiction to appoint a guardian, because the person first selected failed to qualify. Wright had his day in Court, was notified of the proceeding, and was bound to take notice that Enos failed to qualify, and that the Court would appoint another in his stead. Having had one notice of the first step in the proceeding, Wright was bound to take notice of every subsequent step until a guardian was appointed and qualified, or the application otherwise definitely disposed of. The order appointing the plaintiff recites the fact that he was appointed because Enos failed to give the requisite bond. His appointment was not a step in a new and original proceeding commenced by him, but in the former proceeding commenced by Enos. The plaintiff, it is true, filed a petition praying that he be appointed guardian; but this was superfluous, as the Court had authority to appoint him without any petition for that purpose; and the order shows on its face that he was appointed in the original proceeding, for the reason that Enos had failed to give the requisite bond.

We are, therefore, of opinion that the appointment of the plaintiff was valid.

Order and judgment reversed, and cause remanded for a new trial.