[Sac. No. 565.   Department Two.—December 29, 1899.]

WILLIAM L. McGEE, by His Guardian, WARREN W. HAST-INGS, Respondent, v. JAMES C. HAYES, Appellant.

GUARDIANSHIP OF INCOMPETENT PERSON—NOTICE OF HEARING—JURISDICTION—VOID APPOINTMENT.—An incompetent person must be served with proper notice, both of the time and place of hearing of an application for guardianship of his person and estate, before the court can .acquire jurisdiction to make the appointment. An order and notice specifying merely a day for hearing, without specification of hour or place, is insufficient; and, after an adjournment of the hearing until Tuesday, March 3d, the appointment of a guardian on Tuesday, March 2d, is without jurisdiction and void.

ID.—PRESENCE OF INCOMPETENT PERSON—WAIVER OF NOTICE—CONSENT TO JURISDICTION.—The required presence of the incompetent person at the hearing cannot have the effect to dispense with or waive proper notice of the hearing. He is incapable of consenting to the jurisdiction, and cannot waive any steps necessary to confer jurisdiction upon the court.

ID.—COLLATERAL ATTACK UPON JURISDICTION.—A void appointment of a guardian of an incompetent person, which shows upon the face of the record that the court was without jurisdiction to make the order, is subject to collateral attack in an action brought in the name of the incompetent person by such guardian.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial.   Wheaton A. Gray, Judge.

The facts are stated in the opinion 'of the court.

Shaw & Murry, Hannah & Miller, and Power & Alford, for Appellant.

The appointment of guardian of the incompetent plaintiff was without jurisdiction and void, the statute not having been pursued.   (Code Civ. Proc., secs. 1707, 1763; *North v. Joslin,* 59 Mich. 624, 646; *Hart v. Gray,* 3 Sumn. 339; *Palmer v. Oakley,* 2 Doug. 433; 47 Am. Dec. 41; *White v. Pomeroy,* 7 Barb. 640; *In re Winkleman,* 9 Nev. 303; 11 Nev. 87.)

Roth & McFadzean, R. F. Roth, and Charles G. Lamberson, for Respondent.

The order appointing the guardian cannot be collaterally attacked for want of proper notice. (*Gronfier v. Puymirol*, 19 Cal. 629; *Warner v. Wilson*, 4 Cal. 310; *Irwin v. Scriber*, 18 Cal. 499.)

THE COURT.—Forcible entry and detainer. Trial by a jury and verdict for plaintiff, and judgment thereon that plaintiff be restored to the possession of the premises. Defendant appeals from the judgment and from an order denying his motion for a new trial.

The verdict was general, "that defendant had been guilty of forcible entry and forcible detainer of the lands described in the complaint, and that plaintiff is entitled to a restitution of the premises."

Appellant claims that the proceedings under which Hastings was appointed guardian were void, because: 1. No citation was ever issued or served; 2. If the order be treated as a citation it is void for the reason that it did not state the time when or the place where the defendant was required to appear; 3. The order was made and entered March 2, 1897, while the hearing was set for March 3d. It appears that, upon the petition of Hastings, it was adjudged that McGee "has become an incompetent person, and that it is necessary that a guardian of his estate and person should be appointed," and Hastings was accordingly so appointed. The order recites that he "was duly notified of the time and place of the hearing of the petition heretofore filed herein, and it appearing that the said William L. McGee appeared in person at the hearing of said petition, on this day, and requested that said petition be granted, it is, therefore, ordered," etc. The only citation issued was the order of the judge made on reading and filing the petition in which it was "ordered that Tuesday, the twenty-third day of February, 1897, be and the same is hereby appointed as the time (no place or hour mentioned) for hearing said petition, and it is hereby ordered that notice be given to said William L. McGee of the time and place of hearing said petition," etc. The only notice given or citation served was a copy of this order. On February 23d the court made an order "that the hearing of the aforesaid petition be and the same is hereby continued until Tuesday, March 3, 1897." The order appointing the guardian

is dated March 2, 1897, and is marked "Filed March 2, 1897." The guardian took the oath of office and filed his bond on March 2, 1897, and letters of guardianship were issued to him that day. When these various proceedings were offered in evidence defendant objected to their admission on several specific grounds, challenging their competency, relevancy, and mate- riality. Respondent contends that the personal presence of the incompetent at the hearing cured any defects in the notice or service of the notice; and that by his presence he consented to the order and waived notice, and that the order so shows on its face. The presence of the incompetent could not supply the requirement of the statute that he should be served with notice of the hearing; he was incapable by reason of his incompetency to consent to the jurisdiction of the court or waive any of the steps necessary to' confer jurisdiction upon the court, or to make any request that the petition be granted.

Upon the filing of the petition the court or judge "must cause a notice to be given to the supposed insane or incompetent per- son of the time and place of hearing the case, not less than five days before the time so appointed; and such person, if able to attend, must be produced on the hearing." (Code Civ. Proc., sec. 1763.)

The statute requires the personal presence of the incompetent, if it can be had, as well as that notice of the hearing of the petition be given him. If the order may be treated as a notice, and a copy of it may be served as a notice, it is requisite that it should state the time and place of the hearing. In the present case the order fixed February 23d "as the time for the hearing," but it directed "notice to be given of the time and place of hearing said petition." This direction was not complied with by simply serving a copy of the order in the form given. But if the notice to appear February 23d could be treated as suffi- cient, and the adjournment of the hearing to March 3d could also be held sufficient, the court had no authority to hear the petition March 2d and make the appointment, as the record shows was done. Counsel for respondent states in his brief, but it does not elsewhere appear, that "the 3d of March, 1897, did not fall upon a Tuesday, but upon a Wednesday, and the hear- ing of the matter was intended by the court to be continued to

Tuesday, March 2, 1897, on which last-named day the hearing was had." If we were permitted to reject the day of the month named (March 3d) and take the day of the week named (Tuesday), the order would fail to show what Tuesday. There are many Tuesdays in the year, but there is but one March 3d. We do not think we are authorized to reject a definite time and accept one so indefinite. The order was prematurely made and was without authority.

The attack is collateral, it is true, but the proceedings disclose all the steps taken to confer jurisdiction, from which it clearly appears on the face of the record that the court was without jurisdiction to make the order. In such case the order could be attacked collaterally. (*Pioneer Land Co. v. Maddux,* 109 Cal. 633, 640; 50 Am. St. Rep. 67; 1 Freeman on Judgments, sec. 130.)

As plaintiff's right to maintain the action depends upon the authority of the guardian, it follows that the judgment and order denying a new trial should be reversed, and it is so ordered.