[S. F. No. 3806. Department One.—June 4, 1904.]

## In the Matter of the Guardianship of the Person and Estate of ABBY SULLIVAN, an Incompetent Person.

GUARDIANSHIP OF INCOMPETENT PERSON—APPEAL—SERVICE OF NOTICE—PARTIES.—Where the daughter of her alleged incompetent mother filed a verified petition for an appointment of herself as guardian, if upon the hearing the court granted letters of guardianship to other persons, by her consent, she thereby ceased to be a party to the proceeding, and upon appeal by the alleged incompetent person the notice of appeal need only be served upon the guardians to whom letters were granted. The fact that the daughter was an heir-apparent of the alleged incompetent gave her no legal interest in the property of the incompetent.

ID.—CONSENT JUDGMENT — RULE INAPPLICABLE — CONSENT WITHOUT JUDGMENT UPON MERITS—REVERSAL.—The rule that an appeal will not be entertained from a judgment entered by consent has no application to an order appointing a guardian of the person and estate of an incompetent person. An adjudication of her incompetency cannot be entered by her consent. If she were in fact incompetent, she could not consent, and if not incompetent, her consent could not make her so. The consent of her attorney could be no more effective than her own consent. If the judgment was one of mere consent, without an adjudication upon the merits, it should be reversed.

ID.—PETITION FOR RESTORATION OF COMPETENCY—RIGHT OF APPEAL.—The fact that prior to taking the appeal the alleged incompetent person sought a restoration to competency cannot preclude her appeal from the order for letters of guardianship of her person and estate.

ID.—HEARING—CHANGE OF JUDGES—DECISION WITHOUT NEW EVIDENCE—JUDGMENT BY THIRD JUDGE.—Where the evidence was all taken and the examination of the alleged incompetent had before one judge, who never rendered a decision in the matter, and another judge of the same court, who never heard the witnesses testify, and before whom, so far as the record shows, no report of the testimony was produced, made an oral decision for letters, which was entered upon the minutes, and the only order or judgment ever entered was signed by a third judge, who never heard either evidence or argument, the judgment must be reversed.

ID.—RIGHTS OF ALLEGED INCOMPETENT—WAIVER.—The alleged incompetent was entitled, as a matter of right, to a decision from the judge who presided at the hearing and examination upon the petition, and who saw and heard the witnesses, and this right neither she nor her attorney could waive.

APPEAL from an order of the Superior Court of the City and County of San Francisco for letters of guardianship. James M. Troutt, Judge hearing evidence. M. C. Sloss, Judge rendering decision. Frank J. Murasky, Judge signing order.

The facts are stated in the opinion of the court.

J. F. Riley, and Crittenden Thornton, for Appellant.

The judgment could not have been taken by consent of the appellant. (*McGee* v. *Hayes,* 127 Cal. 336;[1] 10 Am. & Eng. Ency. of Law, 694.) It was against law as having been entered without the exercise of the judicial faculty. The judge who signed the decision was the judge who finally decided the case, and this was without hearing evidence or argument. The notice of appeal was not required to be served upon Hanorah Walsh, the petitioner, who consented to the appointment of other guardians. She is not an aggrieved party, and cannot be affected by the result of the appeal. (*Tuffree* v. *Stearns Ranchos Co.,* 124 Cal. 306; *Estate of Kirtlan,* 16 Cal. 163; *Randall* v. *Hunter,* 69 Cal. 80; *Boob* v. *Hall,* 107 Cal. 160; *Kendall* v. *Porter,* 120 Cal. 122.)

Sullivan & Sullivan, for Respondents.

The notice of appeal should have been served upon the original petitioner. The order appointing other guardians was not an independent proceeding, but was a step in the proceeding begun by Hanorah Walsh. (*Hallett* v. *Patrick,* 49 Cal. 590.) A party consenting to a judgment must be made a party to the appeal. (*De Arnaz* v. *Jaynes,* (Cal.) 34 Pac. 223.) The statute contemplates that the relatives of the deceased have the right to be heard in a proceeding of this character. (Code Civ. Proc., sec. 1766.) The appeal should be dismissed for want of proper service of the notice of appeal. (*Senter* v. *De Bernal,* 38 Cal. 637; *Williams* v. *Santa Clara Min. Assn.,* 66 Cal. 195-196; *Harper* v. *Hildreth,* 99 Cal. 265-267; *Lancaster* v. *Maxwell,* 103 Cal. 68; *Bullock* v. *Taylor,* 112 Cal. 147; *Estate of Scott,* 124 Cal. 671-674; *Bowering* v. *Adams,* 126 Cal. 653-655.) Appellant having resorted to the remedy of a proceeding to be restored to competency, should be confined to that proceeding. A party cannot resort to a remedy

[1] 78 Am. St. Rep. 57.

by review and appeal from the same judgment. (Elliott on Appellate Procedure, sec. 140; *Davis* v. *Binford*, 70 Ind. 44; *Harvey* v. *Fink*, 111 Ind. 249.) The judgment having been entered by consent, cannot be reviewed. (*Meerholz* v. *Sessions*, 9 Cal. 277; *Holmes* v. *Rogers*, 13 Cal. 199; *Partridge* v. *Shepard*, 71 Cal. 475; *Jackson* v. *Brown*, 82 Cal. 275.) A consent judgment binds an incompetent person. (*Walker* v. *Clay*, 21 Ala. 797.) A person charged as incompetent may appear by attorney. (*Cuneo* v. *Bessoni*, 63 Ind. 524; *Ex parte Northington*, 37 Ala. 496;[1] *Matter of Moss*, 120 Cal. 695.) The superior court of the city and county of San Francisco is one court, though it has twelve departments. (*White* v. *Superior Court*, 110 Cal. 66; *Brown* v. *Campbell*, 110 Cal. 644.) Judge Murasky could properly authenticate a decision made by Judge Sloss in the same court. (*Crim* v. *Kessing*, 89 Cal. 489.[2])

ANGELLOTTI, J.—Hanorah Walsh, a daughter of Abby Sullivan, presented her verified petition to the superior court, alleging that said Abby Sullivan was mentally incompetent to manage her property or to care for herself, and that it was necessary that a guardian of her person and estate be appointed, and praying that she, said petitioner, be appointed such guardian.

A citation having been issued and served on the alleged incompetent, the matter came regularly on for hearing upon said petition of Hanorah Walsh, no answer tendering any issue having been filed, and no petition having been filed by any other party.

Testimony having been taken in support of the allegations of the petition, the petitioner, in open court, consented that her petition should be denied so far as it asked that letters of guardianship be granted to her, and that Thomas M. Walsh and John J. Sullivan should be appointed as such guardians.

The matter having been submitted, the court made its order adjudging said Abby Sullivan incompetent to manage her property and incapable of taking care of herself, denying the request of petitioner that she be appointed guardian, and appointing said Walsh and said Sullivan as such guardians, and directing the issuance of letters to them.

[1] 79 Am. Dec. 67.          [2] 23 Am. St. Rep. 491.

From this order said Abby Sullivan has taken an appeal to this court.

There has been submitted with the appeal upon its merits a motion to dismiss the appeal on several grounds, which motion will be first considered.

The notice of appeal was served on the guardians appointed by the court, but was not served on the petitioner, Hanorah Walsh, and it is claimed that said petitioner was an "adverse party" within the meaning of those words as used in section 940 of the Code of Civil Procedure, and that in the absence of service of notice upon her this court is without jurisdiction to hear the appeal.

While under the provisions of our statute relating to guardians of insane and incompetent persons any "relative or friend" may, by the filing of a verified petition, confer upon the superior court jurisdiction, after due notice to the alleged incompetent, to hear and determine the question as to the necessity for the appointment of a guardian of the alleged incompetent, and, having determined that such necessity exists, to appoint some proper person as guardian (Code Civ. Proc., secs. 1763, 1764), such relative or friend so presenting the petition cannot, in any proper sense of the word, be considered a "party" to an action or proceeding, except in so far as he may be an applicant for the issuance of letters of guardianship to himself. So far as petitioner was in this case an applicant for letters *to herself*, she had, by her consent that her petition be denied and that other persons be appointed, withdrawn as a party, and it is therefore unnecessary to consider what right she may have had and what position she may have occupied as an applicant for letters of guardianship. She was no longer such an applicant, but simply a person who, authorized by the law so to do, had presented a verified statement as to the mental incompetency of a person to the superior court, and thereby empowered the court to appoint any proper person as guardian, if it found such appointment to be necessary for the protection of the person alleged to be incompetent. (*Hallett* v. *Patrick,* 49 Cal. 590, 594.)

As such a person, she has no interest recognised by the law. The fact that she was an heir-apparent of the alleged incompetent gave her no legal interest in the property of the incompetent. She occupied the same position that any person
CXLIII. Cal.—30

not related would have occupied, had the petition been presented by such a person.  Her position was somewhat similar to that of one who presents the complaint or information upon which proceedings for commitment to an insane asylum are based, or of one who institutes a criminal proceeding against another.  Having waived all claims to letters of guardianship for herself, she had no legal right to have a guardian appointed for her mother, and she has no legal right that can be affected by a reversal of the judgment.  The guardians to whom letters were granted by the superior court are the only persons whose legal interests are adverse to the alleged incompetent, and it was sufficient to serve the notice of appeal on them.

It is further urged that the order of judgment appealed from was entered by the lower court by consent of appellant and her attorneys, and that an appeal from a consent judgment will not be entertained.

The rule invoked cannot be held applicable to an appeal by an alleged incompetent from an order adjudicating her mentally incompetent, and appointing a guardian of her person and property.  This proceeding is not at all analogous to an action against one already adjudged incompetent, where such person, appearing by his regular guardian or guardian *ad litem*, would be bound by the stipulations of such guardian to the same extent as a person laboring under no disability would be bound by his agreement.  No one sought any relief against the alleged incompetent in this proceeding.  The only question was as to whether or not there was such mental incompetency on the part of Mrs. Sullivan as to make it essential for the protection of herself and her property that a guardian should be appointed.  The statute does not contemplate that any such adjudication should be made upon the agreement of the party alleged to be incompetent.  If the party is in fact mentally incompetent, his request or consent that he be so adjudged is unavailing for any purpose.  He is incapable of making any such request or giving such consent.  (*McGee* v. *Hayes*, 127 Cal. 336.[1])  If he be not in fact incompetent, his agreement that he is incompetent does not make him so, and the statute authorizes the appointment of a guardian on this ground only where, after full hearing and examination, it appears from the testimony that the person is in fact incapable of tak-

[1] 78 Am. St. Rep. 57.

ing care of himself and managing his property. (Code Civ. Proc., sec. 1764.) The consent of the alleged incompetent was therefore unavailing for any purpose, except perhaps as evidence upon the question of incompetency, and the attorney of her own selection, representing her in the proceeding, had no more power in this regard than had she. Instead of being barred from appeal by any such consent, we are satisfied that if the order in question is based upon the consent of the incompetent, and is not the result of a full hearing and examination upon the merits, it should be reversed.

There is nothing in the further contention that the appellant cannot maintain this appeal, by reason of the fact that prior to taking it she sought an order from the superior court, under the provisions of section 1766 of the Code of Civil Procedure, declaring her restored to capacity.

Coming to the merits of the appeal, we are of the opinion that the order should be reversed on account of the procedure followed in the lower court. The evidence was all taken and the examination of the alleged incompetent had before one judge, who has never given any decision in the matter. The matter was subsequently argued and submitted for decision to another judge, who never heard any of the witnesses testify, and before whom, so far as the record shows, no report of the testimony was ever produced. He orally decided, as the minutes of the court show, that letters of guardianship should issue. The only order of judgment ever entered was signed by still another judge, who had never heard either evidence or argument.

It is true that all of these proceedings were had in one court, and that this court had jurisdiction of the matter. The question presented is, however, not one of jurisdiction, but of the erroneous exercise of jurisdiction.

A party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury, and from the jury that hears the evidence, where it is tried with a jury. He cannot be compelled to accept a decision upon the facts from another judge or another jury. Doubtless a party capable of consenting might waive this right, but a party charged with mental incompetency is incapable, on the trial of the issue as to such incompetency, of making any such waiver, and consenting that

a decision may be rendered by a judge who did not hear the evidence, for the same reason that he cannot waive the statutory requirements for the obtaining of jurisdiction of his person, or consent to an adjudication that he is incompetent. (*McGee* v. *Hayes*, 127 Cal. 336.[1]) The attorney of such a party in such a proceeding has no authority to give any such consent. His authority is limited by the capacity of his client, and he may do no more than she could do in the matter of waiver and consent.

The statute undoubtedly contemplates that in a proceeding of this character the decision shall be rendered by a judge who presided at the hearing and examination upon the petition, and who therefore heard the evidence and saw the witnesses. The alleged incompetent was entitled, as a matter of right, to a decision from that judge, and this right she could not waive. No decision has ever been given by that judge, and the order appointing guardians of her person and estate is therefore erroneous, and must be reversed.

It must further be held that if it is sufficiently shown by the record that the order in question was purely a consent order, it should be reversed for that reason also.

It is suggested that the record amply shows that the interests of the alleged incompetent demand the appointment of a guardian to safeguard her property. That, however, is a question for the superior court to properly decide in the first instance. Doubtless, if such a necessity exists, proper proceedings in that behalf will be had in the superior court upon the going down of the *remittitur*.

The motion to dismiss the appeal is denied and the order appealed from is reversed and the matter remanded for further proceedings.

McFarland, J., and Van Dyke, J., concurred.

Hearing in Bank denied.

[1] 78 Am. St. Rep. 57.