[Civ. No. 780.    Third Appellate District.—January 31, 1911.]

In the Matter of the Estate and Guardianship of CHLOE
F. TILTON, an Incompetent. IDA A. KILLEY, Re-
moved Guardian, Appellant, v. LOUIS HAMMER-
SMITH, Guardian, Respondent.

GUARDIANSHIP OF INCOMPETENT PERSON—PETITION TO REVOKE LETTERS
—ORDER FOR CITATION—ANSWER—WAIVER OF OBJECTION TO CITA-
TION.—Upon a petition to revoke letters of guardianship of an in-
competent person, and to appoint petitioner as guardian, where the
order for the citation to issue is in the record, but not the citation
itself, though the record recites that citation was issued pursuant
to the order, and the guardian came in and answered fully, and had
no difficulty in answering because of any insufficient statement in
the citation, and as it had served its purpose, she has no cause to com-
plain upon appeal that the citation had no sufficient statement of
the nature of the proceeding to enable her to answer the petition.

ID.—SERVICE OF CITATION—NEXT OF KIN NEED NOT BE SERVED—PETI-
TION.—The petition is not required to set forth the next of kin, in
order that the citation may be served upon them. The statute only
contemplates the service of the citation under a petition to revoke
letters of guardianship upon the guardian sought to be removed and
does not contemplate service thereof upon the next of kin.

ID.—QUALIFICATION OF PETITIONER AS FRIEND OF INCOMPETENT.—The
averment in the petition to revoke the letters of guardianship and to
appoint petitioner as such guardian, as to the friendly relation of
the petitioner to the incompetent, and also to her deceased husband
for many years, is sufficient to set forth the qualification of the peti-
tioner to appear as the friend of the alleged incompetent.

ID.—SUFFICIENCY OF PETITION—ORDINARY TESTS OF PLEADING NOT
APPLICABLE.—In proceedings of this character, the petition is not
subjected to the tests given to complaints in actions at law; but the
petition is sufficient, where its statements fully inform the court as
to why it should interfere for the protection of the incompetent, and
authorized the court to inquire, from its averments, whether the
guardian had abused her trust, or was guilty of continued failure
to perform her duties, or had an interest adverse to the faithful per-
formance of her duties, or was unsuitable to act, or had mismanaged
or wasted the estate.

ID.—SUPPORT OF FINDINGS AND ORDER—ABSENCE OF EVIDENCE—PRE-
SUMPTION.—Where the findings substantially support the petition,
and are amply sufficient fully to support the order complained of
removing the original guardian and appointing the petitioner as
guardian, and where the evidence is not returned upon appeal, it

must be presumed that the evidence was sufficient to support the findings and justify the order.

ID.—FINDING AS TO NEGLECT BEYOND PETITION DISREGARDED.—A finding as to one specific act of neglect of duty of the guardian beyond the allegations of the complaint may be disregarded, and cannot be said to make the findings broader than the allegations of the petition in any objectionable sense, where all the other findings are within its averments, and sufficient.

ID.—CONSTRUCTION OF CODE—NOTICE TO INCOMPETENT REQUIRED ONLY ON ORIGINAL PETITION.—The notice to the incompetent required by section 1763 of the Code of Civil Procedure applies only to an original appointment of a guardian thereunder, and has no application to a petition to remove a guardian under section 1801 of the code, which empowers the court to appoint another person in the place of the removed guardian, and provides for no notice to the incompetent person.

ID.—PRESENCE OF INCOMPETENT IN COURT—POWER OF EXAMINATION BY COURT—MENTAL CONDITION AND WISHES—AID OF COURT—PRESUMPTION.—Where, by the order of the court, the incompetent was present at the hearing, the court was justified in questioning her to ascertain her mental condition, and was justified, if he found her mentally capable of aiding his judgment, to act according to her wishes to have the petitioner appointed as guardian, though presumptively the court acted on its judgment in making such appointment, and did not make it merely on the nomination and request of the incompetent alone.

APPEAL from an order of the Superior Court of the City and County of San Francisco, revoking letters of guardianship and appointing another guardian. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Joseph Slye, and Charles W. Kitts, for Appellant.

Vogelsang & Brown, for Respondent.

CHIPMAN, P. J.—This is an appeal from an order revoking letters of guardianship issued to appellant Ida A. Killey, of the person and estate of Chloe F. Tilton, an incompetent, and appointing petitioner, Louis Hammersmith, such guardian.

The petition was filed on January 17, 1910, and on that day the court fixed the hearing for January 31, 1910, on which day the guardian of said incompetent appeared and an-

swered, and embodied therein as part thereof what purports to be her first account as such guardian. At the same time her attorney filed a motion that "the order or citation . . . to show cause why her letters of guardianship in said matter should not be revoked, be quashed and the petition . . . be stricken from the files, and said matter dismissed on the ground that under the alleged facts . . . the court had no jurisdiction to make said order nor issue said citation," and that admitting all the averments of the petition to be true, the court had no authority to revoke the guardian's letters.

The evidence is not brought up, and we must, therefore, presume that it supported the findings of the court. There was no demurrer to the petition on the ground of any indefiniteness or uncertainty in the petition or on any other ground, and it may be doubted whether the sufficiency of its averments to support the order can properly be raised by a motion to quash the citation. However, as the motion is based on alleged want of jurisdiction, and as the question of jurisdiction may be raised at any stage of the proceedings, we will not deny appellant's right to have the order reviewed and the question of jurisdiction determined.

It appears from the petition that petitioner has been a friend of Charles Tilton, deceased, husband of said Chloe Tilton, for more than twenty years, "and has interested himself in behalf of said Chloe Tilton, as her friend, since December 12, 1909"; that on April 12, 1905, Ida A. Killey, a resident of the city and county of San Francisco, was appointed by said court the guardian of the person and estate of said Chloe Tilton and ever since has been and now is such guardian; that ever since April 15, 1904, the said Chloe Tilton has been, and still is, an inmate of the state hospital for the insane at Napa; that said incompetent has property, of the value of about $30,000, consisting of real and personal property situated in this state; that all the proceedings in the matter of said guardianship were destroyed by fire on or about April 18, 1906, and said guardian has never taken any steps to restore the same or any part thereof, and there is neither an inventory of said estate nor any account of receipts and disbursements on file herein. On information and belief it is alleged that said guardian has never filed an inventory in said estate, and has never presented to the court

any account therein since her appointment as guardian; that petitioner has been informed by the medical superintendent of said hospital "that the said Chloe Tilton is sufficiently restored to health so that she is able to leave said hospital at any time, provided that she be placed under the care of a nurse"; that petitioner has personally visited said incompetent at said hospital, "and is convinced from observation, conversation and reliable inquiry made that she should leave said hospital and take up her private abode attended by a nurse, and that it would be for her best interest and welfare to do so; that the condition of her health is such as to permit her removal from said Napa state hospital and to continue under the care of a nurse." It is further averred that said guardian is also administratrix of the estate of Charles Tilton, the deceased husband of said incompetent, and was duly appointed as such administratrix in April, 1905, and that said incompetent is sole heir to the estate of said deceased; that all the records and proceedings in said last-mentioned estate were destroyed by fire about April 18, 1906, and said administratrix has never taken any steps to restore the same, or any part thereof; that the interests of said Ida A. Killey as such administratrix are adverse to the interests of said incompetent; that the said incompetent, by a proper guardian, should at once bring proceedings in this court against said administratrix to compel an accounting in the matter of the estate of said Charles Tilton, deceased, and to take other steps for the benefit of said estate, and also to obtain a family allowance and distribution on behalf of said incompetent. Whether or not an inventory was ever filed by the guardian does not appear, and none accompanied the account filed with the answer. The court made no finding on that fact, but otherwise the court found the facts as alleged in the petition to be true. It also found that "more than one year ago Dr. Elmer E. Stone, then and now, superintendent of said hospital, notified said Ida A. Killey that it was for the best interests and welfare of said Chloe F. Tilton to be forthwith taken away from said hospital, and its other inmates, to abide elsewhere with a nurse; that at said time, and ever since, the financial condition of her estate enabled her to be supported and maintained in an abode outside of said hospital and in care of a nurse; that said Ida A. Killey has in no way ever

attempted to remove said Chloe F. Tilton from said hospital to abide elsewhere in care of a nurse, or otherwise; and has never taken any action to apply any part of her estate, or any proceeds derived therefrom, toward her maintenance and support outside of said hospital.'' It is also found that the guardian has mismanaged certain designated real property of her ward, and has continuously up to the time of her answer to said citation failed to present or file in court any account or report of her said guardianship, although often notified so to do.

The court also made the following findings:

"9. That the said Chloe F. Tilton was examined as a witness in her own behalf in this proceeding and questioned at great length by the court for the purpose of ascertaining the condition of her mind and her desires as to the revocation of the said letters of guardianship issued to said Ida A. Killey; that the court found and finds her memory far above the average, her thoughts rational, and her mind perfectly clear and sound in reference to the nature of this proceeding in every respect; that said Chloe F. Tilton, in such examination, expressly stated that she desired the immediate revocation of said letters and the removal of said Ida A. Killey as such guardian.

"10. That said Ida A. Killey mismanaged the estate of said Chloe F. Tilton and persisted in a continued failure to perform her duties, both as such guardian of her person and of her estate.

"11. That said Chloe F. Tilton in her said examination in this proceeding, in open court, expressly requested that Louis Hammersmith, of the city and county of San Francisco, be appointed guardian of her person and estate upon the removal of said Ida A. Killey as such guardian; that said request and nomination for the said appointment of said Louis Hammersmith was and is a rational act on the part of said Chloe F. Tilton, and she well understood the purport and meaning thereof in all respects.''

Appellant, in her brief, states that she relies on the following points: That the motion to quash the citation and dismiss the petition should have been granted, because: 1. The citation is not sufficient; 2. The court was without jurisdiction to remove the guardian or appoint a new guardian; 3. The findings are

broader than the petition; 4. The incompetent, after commitment and appointment of a guardian, is without civil capacity to nominate a guardian and an appointment based thereon is void.

1. The prayer of the petition was that the guardian show cause why her letters of guardianship should not be revoked and a new guardian appointed. The order for citation to issue is in the record, but not the citation itself. It appears, however, that the citation was issued and served "pursuant to the above order." The point now made is that "the citation herein issued does not contain a brief statement of the nature of the proceeding so as to inform one answering." Section 1707 of the Code of Civil Procedure provides what a citation is to contain, among other requirements: "2. A brief statement of the nature of the proceeding." The order stated that it issued "on reading and filing the petition of Louis Hammersmith, on behalf of Chloe Tilton, for the revocation of the letters of guardianship of Ida A. Killey, in the matter of said guardianship," and it ordered said "Ida A. Killey to show cause why such letters of guardianship should not be revoked." The guardian came in and answered fully. She seems to have had no difficulty in answering the petition because of any insufficient statement in the citation, and as it served its purpose appellant has now no cause for complaint.

2. Want of jurisdiction to remove the guardian is based upon the alleged insufficiency of the petition.

It is claimed that the petition "contains no allegation that it is brought on behalf of the insane person by the petitioner as her friend, next of kin, or kin"; and does not set forth the names of the kin in order that the citation may be issued to them. The Civil Code, section 253, states the causes for which a guardian may be removed: "1. For abuse of his trust; 2. For continued failure to perform its duties; . . . 5. For having an interest adverse to the faithful performance of his duties; . . ." Section 1801, Code of Civil Procedure, provides: "When a guardian, appointed either by the testator or a court, becomes . . . incapable of discharging his trust or unsuitable therefor, or has wasted or mismanaged the estate, or failed for thirty days to render an account or make a return, the superior court may, upon such notice to the guardian as the court may require, remove him. . . . The court may ap-

point another in the place of the guardian who resigned or was removed.'' Section 1763, Code of Civil Procedure, provides as follows: ''When it is represented to the superior court, or a judge thereof, upon the verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property, such court or judge must cause a notice to be given to the supposed insane or incompetent person of the time and place of hearing the case, not less than five days before the time so appointed, and such person, if able to attend, must be produced on the hearing.'' Section 1764, Code of Civil Procedure, provides that if after a full hearing it appears that such person is incapable of taking care of himself and of managing his property, the court must appoint a guardian of his person and estate. The averment as to the friendly relation of petitioner to Mrs. Tilton and her husband was, we think, sufficient to qualify petitioner to appear as her friend. The court, no doubt, inquired fully into that alleged relation. The statute does not require service of the citation on the next of kin. It was served upon Mrs. Killey and she appeared personally in court. Some of the averments are conclusions or opinions of the petitioner, and others were stated on information and belief; still others did not in themselves, unaided, constitute ground for the removal of the guardian. Viewed as a pleading in an ordinary action at law, it was perhaps open to special demurrer on the ground of uncertainty or want of facts to support averments of mere conclusions. But in proceedings of the character here a petition is not subjected to the tests given to complaints in actions at law. If there is sufficient stated to inform the court that it should interfere for the protection of persons dependent upon it for protection, it is sufficient, and the duty is then devolved upon the court to inform itself, and take such action as may seem to be necessary and proper. Enough was stated in the petition to authorize the court to inquire whether the guardian had abused her trust; or was guilty of continued failure to perform her duties; or had an interest adverse to the faithful performance of her duties; or was unsuitable to act; or had mismanaged or wasted the estate. How far the evidence went to establish dereliction of duty, in any or all of these particulars, we do not know, as the evidence is not before us, and, as already stated, we must presume that there

was sufficient evidence to support the findings, which latter, in our opinion, fully support the order complained of.

3. It is claimed that the court was without jurisdiction to appoint a new guardian because the citation was "addressed solely and alone to the guardian, Ida A. Killey, and was only to show cause why her letters should not be revoked." The argument is that section 1763, Code of Civil Procedure, provides for notice to insane or incompetent persons for the appointment of a guardian, and it is urged that the same formality is required to appoint a new guardian upon the removal of one already appointed. Section 1763 has reference to the original appointment. It is section 1801 of the same code which gives the authority to the court to remove a guardian. The section provides that the guardian may be removed, "upon such notice to the guardian as the court may require"; and, upon his removal, "the court may appoint another in the place of the guardian who has resigned or was removed." Nothing is said in this connection about a notice to the incompetent person.

In the case of *Halett* v. *Patrick,* 49 Cal. 590, a petition was filed praying for the appointment of a guardian of one Wright, an insane person. Notice was served upon Wright and the appointment was made as prayed for. The appointee failing to file his bond, the court, without further notice to Wright, made another appointment. Said the court: "His appointment was not a step in a new and original proceeding commenced by him, but in the former proceeding commenced by Enos" (the first appointee). It was held that the court did not lose its jurisdiction to appoint a guardian because the person first selected failed to qualify. "Wright had his day in court, was notified of the proceeding, and was bound to take notice that Enos failed to qualify, and that the court would appoint another in his stead. Having had one notice of the first step in the proceeding, Wright was bound to take notice of every subsequent step until a guardian was appointed and qualified, or the application otherwise definitely disposed of." The only question not covered by this decision is, whether, where an appointment has been made and the appointee has qualified, the court may make a new appointment on removal of the first appointee, without taking the steps required in making an original appointment—that

is, serve notice on the incompetent. Appellant invokes by analogy the case of a removed administrator or executor. We can see why notice might be required in such case, for the right to administer an estate of a deceased person is given by statute to different persons in a certain order of priority. No such right exists in a case such as we have here. As in the case cited, the court acquired jurisdiction in the original proceeding, and it continued after the removal of the guardian. The questions first determined were incompetency and the necessity for a guardian. While this condition continued the court had jurisdiction to do whatever subsequently arose to make the further action of the court necessary, and this without further notice to the incompetent. Besides, it appears that the incompetent was, by order of the court, present at the hearing, and, so far as she was capable of giving consent, it was given to the appointment of petitioner.

4. The findings are not broader than the averments of the petition in any objectionable sense. The findings complained of, with one exception, assuming, as we must, that the evidence was sufficient to support them, might well be based upon the averments of the petition. The court found that the guardian had neglected her duty in respect of a certain dwelling as to which there was no specific averment. This finding may be disregarded and sufficient remain to support the order.

As to the point that she was incapable of giving consent and hence the order based upon such consent is void, it is sufficient to say that the appointment of the new guardian was not made as her nominee and upon her request alone. Presumably the court was otherwise satisfied that petitioner was a proper person to be appointed.

Whether findings are required at all admits of some question. (Code Civ. Proc., sec. 1704; *In re Lundberg*, 143 Cal. 402, 411, [77 Pac. 156].)

We think the court was justified in interrogating the incompetent and ascertaining as far as it could her mental condition, and was also justified in complying with her wishes if it found her mentally capable of aiding his judgment. The course taken by the court was not unusual. Appellant cites *McGee* v. *Hayes*, 127 Cal. 336, [78 Am. St. Rep. 57,

59 Pac. 767], where it was held that upon an application for appointment of a guardian of an incompetent person, service of notice on the incompetent is essential to jurisdiction. That was the case of an original application and first appointment where the personal presence of the incompetent was held by the trial court to be sufficient, and the supreme court decided that the court was without jurisdiction. If we are correct in the view previously expressed under point 3, the case cited does not apply here. The authority of the court to appoint a new guardian did not come alone from the provisions of section 1763, Code of Civil Procedure, but from a necessity arising after an appointment had been made under that section.

The order is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 31, 1911.