[S. F. No. 13032. In Bank.—January 30, 1929.]

ALZEDA R. SNYDER, an Incompetent Person, etc., Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

H. William Hess for Appellant.

No appearance for Respondents.

CURTIS, J.—This is an original application to this court, brought by Alzeda R. Snyder, an incompetent person, by H. William Hess, her guardian *ad litem,* directed to the Superior Court of the county of San Diego, praying for an order requiring said Superior Court to certify to this court a full transcript of the records and proceedings in the matter of the guardianship of Alzeda R. Snyder, an incompetent person, and that upon a review of said proceedings this court annul two certain orders made therein. In one of said orders, dated March 8, 1926, the said Alzeda R. Snyder was declared an incompetent person, and Albert E. Miller was appointed guardian of her estate; and in and by the other of said orders, dated April 8, 1927, Lucy Harris Murphy was appointed guardian, the said Albert E. Miller having resigned as such guardian, and his resignation, after the settlement of his account as guardian, having been accepted by said Superior Court. Upon the filing of said application or petition, this court made its order directing said Superior Court to certify to this court all the proceedings of record in said court in the matter of said guardianship. Said order has been complied with and said proceedings are now before us, duly certified as required by law and the previous order of this court.

█ The ground upon which petitioner asks for the annulment of said orders is that the court never acquired jurisdiction of the person of said incompetent person or of her estate to make either of said orders, for the reason that no notice, as required by section 1763 of the Code of Civil Procedure, was ever given prior to the granting of either of said orders. We will first consider the order of March 8, 1926. It appears from the return of the respondents, as well as by the allegations of the petition, that on that day the said Albert E. Miller filed a petition in said Superior Court, containing the necessary averments for the appointment of a guardian of the estate of the said Alzeda R. Snyder as an incompetent person, and asked therein for the appointment of himself as such guardian. On the same day the court made an order fixing the time for hearing said petition for 2 P. M. of said day. Said order provided "that said incompetent person be produced before the court at the time fixed herein for the hearing of said petition and that no notice of said hearing be given." The order appointing the said Albert E. Miller guardian recited "That notice of this hearing has been given according to law and the order of the court; that the allegations of said petition are true; that said Alzeda R. Snyder appeared personally before the court and consented to the appointment of a guardian of her estate." It appears from the foregoing that no notice was given to the said Alzeda R. Snyder of the time and place of hearing the petition of Miller to have her declared an incompetent and himself appointed the guardian of her estate, but that said incompetent person did appear personally in court and consented to the appointment of a guardian of her estate. It is true that said order contained a recital "that notice of this hearing has been given according to law and the order of the court." The only order contained in the proceedings certified to us, bearing upon the notice given Mrs. Snyder, was that of March 8, 1926, which provided that "no notice of said hearing be given." The further fact is shown by the record that the order appointing the guardian was made on the same day the petition for such appointment was filed. It was, therefore, impossible to give the five days' notice of the hearing of said petition as required by section 1763 of the Code of Civil Procedure. In spite of the above recital regarding notice contained in the order appointing the guard-

ian, it must be held that from the whole record before us it conclusively appears that the notice required by the section of the code just mentioned was not given. In the case of *McGee* v. *Hayes*, 127 Cal. 336 [78 Am. St. Rep. 57, 59 Pac. 767], the order therein considered, which was an order appointing a guardian of the estate of an incompetent person, contained a recital that "he (the alleged incompetent) 'was duly notified of the time and place of the hearing of the petition heretofore filed herein.' " The court, however, found from the record that the only notice given or served was a copy of a certain order, which the court also found to be insufficient and, in spite of the recital in the order regarding due notice given, held that the appointment of the guardian was void for failure to give the notice required by section 1763 of the Code of Civil Procedure. The giving of this notice is jurisdictional, and without it the court has no power to adjudicate the question of the incompetency of a person brought before it charged with being incompetent, or to appoint a guardian of the estate of such person. (*McGee* v. *Hayes*, 127 Cal. 336 [78 Am. St. Rep. 57, 59 Pac. 767]; *Estate of Schulmeyer*, 171 Cal. 340, 345 [153 Pac. 233]; *Estate of Espinosa*, 179 Cal. 189 [175 Pac. 896]; *Grinbaum* v. *Superior Court*, 192 Cal. 528 [221 Pac. 635].)

The next question is whether Mrs. Snyder's appearance in court at the time of the hearing and consenting to the appointment of a guardian of her estate amounted to a waiver of the required notice and gave to the court jurisdiction over the proceedings to have her declared incompetent and to appoint a guardian of her property. This same question was before this court in two different proceedings, and on each occasion it was held that a party charged with mental incompetency is incapable on the trial of the issue as to such incompetency of waiving the statutory requirement as to notice or of consenting to an adjudication of incompetency. (*McGee* v. *Hayes*, 127 Cal. 336 [78 Am. St. Rep. 57, 59 Pac. 767]; *Guardianship of Sullivan*, 143 Cal. 462 [77 Pac. 153].) In the first of these cases the order appointing a guardian recited "that the said William L. McGee appeared in person at the hearing of said petition, on this day, and requested that said petition be granted." The court in passing upon the validity of the order appointing a guardian of his estate held said order to be void. In doing so it used the following

language: "The presence of the incompetent could not supply the requirement of the statute that he should be served with notice of the hearing; he was incapable by reason of his incompetency to consent to the jurisdiction of the court or waive any of the steps necessary to confer jurisdiction upon the court, or to make any request that the petition be granted." In *Guardianship of Sullivan, supra,* the court said, on page 466 of the opinion [77 Pac. 154]: "The only question was as to whether or not there was such mental incompetency on the part of Mrs. Sullivan as to make it essential for the protection of herself and her property that a guardian should be appointed. The statute does not contemplate that any such adjudication should be made upon the agreement of the party alleged to be incompetent. If the party is in fact mentally incompetent, his request or consent that he be so adjudged is unavailing for any purpose. He is incapable of making any such request or giving such consent. (*McGee* v. *Hayes*, 127 Cal. 336 [78 Am. St. Rep. 57, 59 Pac. 767].) If he be not in fact incompetent, his agreement that he is incompetent does not make him so, and the statute authorizes the appointment of a guardian on this ground only where, after full hearing and examination, it appears from the testimony that the person is in fact incapable of taking care of himself and managing his property. (Code Civ. Proc. 1764.) The consent of the alleged incompetent was therefore unavailing for any purpose, except perhaps as evidence upon the question of incompetency." These authorities undoubtedly settle in this state the question of the power of a person accused of being incompetent to waive the notice prescribed by the statute, and to consent to an adjudication of incompetency. They expressly hold that such a person cannot waive the statutory notice nor consent to an order declaring him incompetent, and that an order made without giving the statutory notice is void, even when the alleged incompetent person appears in court in person and consents to the making of such order. The order of March 8, 1926, purporting to appoint Albert E. Miller guardian of the estate of said incompetent person was void.

The same consequences must follow the order of April 8, 1927, appointing Lucy Harris Murphy the guardian of said estate to succeed Miller. The court not having acquired jurisdiction of said incompetent person or of her estate authoriz-

ing it to appoint Miller guardian of her estate, it would have no power to appoint a successor to Miller, except after proceedings had wherein all the requirements of the statute providing for the giving of notice to the alleged incompetent were complied with. The petition for the appointment of Mrs. Harris was by the court, by an order made on April 4, 1927, set for hearing on April 8, 1927, and provided that a citation issue for the appearance of Mrs. Snyder and that it "be served personally upon said ward at least three days prior to said hearing." As before stated, the code section provides that notice of the hearing must be given at least five days before the hearing. The return to said citation shows that it was served upon Mrs. Snyder on April 4, 1927, which would not give the required five days' notice to her of said hearing. The court therefore never acquired jurisdiction to make the order appointing Mrs. Murphy guardian of Mrs. Snyder's estate. It follows, then, that each of said orders is void, and should be annulled.

In addition to the petition filed herein asking for the annulment of said orders, and subsequent to the filing of such petition, the petitioner by her guardian *ad litem*, H. William Hess, has filed what she terms and designates as "Supplemental Data as to Relief Prayed For." In this instrument, among other things, the petitioner makes it to appear that after the appointment of Miller as guardian certain litigation instituted by him and affecting real property claimed to be owned by petitioner was compromised, and as a result of such compromise, the petitioner was awarded said real property subject to a prior mortgage; that Miller, as such guardian, under order of court, sold the interest of petitioner in said real property for the sum of $9,500, to be paid $1,500 in cash and the balance evidenced by a promissory note for $8,000 secured by a second lien by means of a trust deed, upon said real property; that subsequently thereto the first mortgage was foreclosed, and the said real property was sold to William H. Sweetland and Adina May Sweetland under said judgment of foreclosure by H. J. Place, a commissioner appointed by the Superior Court of the county of San Diego, and that said Place had issued to said William H. Sweetland and Adina May Sweetland, his wife, a commissioner's certificate of sale of said real property, which

certificate of sale has been recorded in the office of the county recorder of said county. It is further alleged in said supplemental pleading that said first mortgage was procured through trickery and device practiced upon Mrs. Snyder by persons who were the predecessors in interest of Sweetland and wife in the ownership of said first mortgage, and that the latter were at all times aware of the fraudulent origin of said first mortgage, and had notice that the same grew out of and resulted from certain transactions by and through which Mrs. Snyder was defrauded of property the value of which exceeded the amount of the promissory note secured by said first mortgage. Petitioner, therefore, asks for the cancellation of said commissioner's certificate of sale, and for other relief against him and the Sweetlands. None of these last-named persons are made parties to this proceeding, and the record does not show that notice of the pendency of these proceedings has been given to any of them, and no appearance has been made herein by any of said persons. Any order which we might make, therefore, in response to the prayer of this supplemental pleading or petition would be ineffectual for any purpose as against said parties for want of notice to them. But even if said parties were properly before this court upon notice duly and regularly served upon them, this court has no jurisdiction, either appellate or original, to entertain such a proceeding or to grant any relief thereunder. The validity of said mortgage as against the property of petitioner and the rights of the holders thereof and those of the purchasers of said real property at said foreclosure sale cannot be determined in this proceeding. The petitioner may have a good cause of action against said parties for the cancellation and annulment of said mortgage, but such action must be brought in the proper tribunal, and can only be finally determined after due notice is given to all parties interested therein.

For the reasons stated in this opinion it is ordered and decreed that those two certain orders of the Superior Court of the county of San Diego in the matter of the estate and guardianship of Alzeda R. Snyder, an incompetent person, one of which is dated March 8, 1926, and purports to appoint Albert E. Miller guardian of said estate, and the other of said orders dated April 8, 1927, purporting to ap-

point Lucy Harris Murphy guardian of said estate, to succeed the said Albert E. Miller, are hereby annulled.

Waste, C. J., Langdon, J., Preston, J., Richards, J., Shenk, J., and Seawell, J., concurred.