[Civ. No. 18929.   Second Dist., Div. One.   June 11, 1952.]

Guardianship of MAUD L. COOK, an Incompetent Person. ETHEL P. WHITE et al., Respondents, v. DOROTHY TUBBS, Appellant.

Mize, Kroese, Larch & Mize and R. C. Mize for Appellant.

Arthur H. Blanchard, Edward Henderson and Margaret Keller for Respondents.

, DORAN, J.—Maud L. Cook was adjudged incompetent in 1948 and one James T. White, a nephew, was appointed guardian of the person and estate. Upon the death of this guardian in 1951 a petition was filed by Ethel P. White and Clarence E. White, the former guardian's widow and son, seeking appointment as guardians. A citation to show cause why these persons should not be appointed, was duly served on the incompetent.

The hearing on this petition was scheduled for July 16, 1951, and on July 13th the appellant Dorothy Tubbs, a niece of Maud L. Cook, filed an appearance in opposition to the peti-

tion, alleging that Ethel P. and Clarence E. White were not proper persons to be appointed. The appointment of the Bank of America as guardian of the estate, and some proper person as guardian of the incompetent's person, was asked. No citation was issued respecting this document. When the matter was called for hearing on July 16th, a physician's affidavit was filed, showing that the incompetent was physically incapable of appearing on that day, whereupon the trial court continued the matter until July 20, 1951. Maud L. Cook, the incompetent, was not represented by counsel and was not in court on the continuation date, nor was the incompetent given notice of the continuance. A further physician's affidavit was filed as to the inability of Maud L. Cook to appear on July 20th or any day of that month. A hearing was then had on the petition and objections thereto, and letters of guardianship were granted to Ethel P. and Clarence E. White. The present appeal is from the order of appointment.

It is appellant's contention that "There has been a denial of due process of law," in that "despite the fact that the alleged incompetent had not appeared and was not represented by counsel, no notice of the continuance was given to the alleged incompetent, Maud L. Cook." *Guardianship of Walters,* 37 Cal.2d 239 [231 P.2d 473], dealing with notice of resumption of a hearing after a guardianship case had gone off calendar, is cited by appellant in support of the contention.

Answering the above argument, respondents point out that in the present case, Maud L. Cook had long before been adjudged incompetent, and the hearing in question merely related to the appointment of guardians to serve in the place of the deceased guardian. Moreover, no objection to proceeding with the case was made by appellant in the trial court. In fact, the record discloses that Mr. Mize, one of appellant's attorneys said: "Judge, I have no objection to jurisdiction. I think you have jurisdiction, but if you please, you might read this Walters Guardianship. . . . Personally, I think you have jurisdiction, or I wouldn't have proceeded." The order appointing the guardians states that the continuance was "upon the request of Dorothy Tubbs (appellant) by her said attorneys, Arthur H. Blanchard, attorney for Petitioners, consenting thereto."

Respondents' brief also calls attention to section 1606 of the Probate Code, providing that "When not otherwise specially prescribed in this division (Guardian and Ward), practice and procedure and the making and entry of orders under

this division shall be governed by the provisions of Division III of this Code, so far as they are applicable.'' In Division III, dealing with Administration of Estates, section 1205 provides that ''The Court may continue or postpone any hearing from time to time, in the interests of justice, and *no further notice of the continued or postponed hearing is required unless ordered by the court.''* (Italics added.)

█ As said in *Estate of Bell,* 58 Cal.App.2d 333 [136 P.2d 804], citing section 1205 of the Probate Code, ''After notice has been given in the first instance, it becomes the duty of all interested persons to keep themselves informed by diligent inquiry of subsequent continuances of the hearing.'' In an early case, *Halett* v. *Patrick,* 49 Cal. 590, 595, relating to appointment of guardian, it is said: ''Having had one notice of the first step in the proceeding, Wright (the incompetent) was bound to take notice of every subsequent step until a guardian was appointed and qualified, or the application otherwise definitely disposed of.'' The case of *Guardianship of Walters,* 37 Cal.2d 239 [231 P.2d 473], cited by appellant, related to the resumption of a hearing after same had gone off calendar, a situation which did not exist in the present controversy.

█ It is also to be noted that the incompetent here is not complaining; nor is anyone complaining in behalf of the incompetent. Appellant is making this argument the basis of a complaint in respect to the trial court's action in granting the original petition and denying appellant's objections thereto. The record fails to indicate that the incompetent's rights were in any respect prejudiced or imperiled, or that the trial court's order was in any manner improper.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.