[Civ. No. 7253. First Appellate District, Division Two.—February 11, 1930.]

In the Matter of the Guardianship of FRANCIS POZZO et al., Incompetent Persons. FRANK POZZO, Guardian, etc., Appellant; CARMEN POZZO, Respondent.

Whalen, Harzfeld & O'Brien for Appellant.

Louis Oneal and C. E. Luckhardt for Respondent.

THE COURT.—The following opinion, prepared by Mr. Justice Koford prior to his death, is hereby adopted as the opinion of the court:

After proceedings to that end had in the Superior Court of the county of Santa Clara, Frank Pozzo was appointed guardian of the persons and estates of Francis Pozzo and Constance Pozzo, adult incompetent persons. The order was made on the 17th of August, 1928. Thereafter on the 18th of September, 1928, Carmen Pozzo, mother of said adult incompetent persons, served and filed a notice of motion, accompanied by a petition and affidavit to set aside and vacate the order appointing guardian of August 17, 1928. Thereafter on the 22d of January, 1929, a new notice of motion was served and filed for the same order specifying that the motion would be made on January 29, 1929. On the day last named, after hearing the motion, the court granted the same, setting aside and vacating the said order appointing guardian. This is an appeal by Frank Pozzo from the said order last named.

The grounds of the motion and the grounds upon which the said order are defended by the respondent are that the court making the order of August 17, 1928, had no jurisdiction either of subject matter or of persons for several reasons. ■ With respect to most of these grounds, the original order appointing guardian constituted a decision by the court that the facts necessary to confer jurisdiction were present. Such determination, in the absence of appeal, in this proceeding would be binding if the incompetent persons had legal notice of the proceedings. The erroneous determination of these questions by the court making the original order would not show a lack of jurisdiction.

█ The main ground upon which the order appealed from is defended is that the incompetent persons never had legal notice of the time and place of the hearing of the petition for the appointment of guardian. With respect to this jurisdictional fact a finding of the court cannot bind the incompetent persons if in fact they had no notice of the hearing. Legal notice to them was jurisdictional. They were entitled to at least five days' notice of the time and place of hearing of the petition for letters of guardianship of their persons and estates. (Code Civ. Proc., sec. 1763.) This notice is jurisdictional and if not given, the order appointing guardian is void. (*Snyder* v. *Superior Court*, 206 Cal. 346 [274 Pac. 337]; *Grinbaum* v. *Superior Court*, 192 Cal. 528 [221 Pac. 635]; *McGee* v. *Hayes*, 127 Cal. 336 [78 Am. St. Rep. 57, 59 Pac. 767]; *Estate of Eikerenkotter*, 126 Cal. 54 [58 Pac. 370]; 33 Cor. Jur., pp. 1079, 1080; 34 Cor. Jur., p. 370.)

█ The question presented by this appeal is, therefore, whether the court could decide from the evidence before it that the previous order appointing guardian was made without jurisdiction of the persons of the wards for lack of legal notice. The court making the vacating order appealed from heard no new and independent evidence. At the hearing of the motion all the files of the case were by stipulation considered as in evidence before the court, but no new evidence was received. In granting the motion, the court upon this evidence made written findings of fact and conclusions of law. The findings of fact upon the issue of notice recited that the affidavit of service of notice upon the incompetent persons specifies that the notice was served upon the 15th of August, 1928; that it was sworn to on the 16th of August; that on the face of the affidavit the figures 15 are crossed with a line and replaced by the figures 11, but that it does not appear from said affidavit when or by whom the said change in figures was made; that the change was not initialed; that the certificate of inability of the incompetent persons to attend court was signed and acknowledged by the medical superintendent of the State Home for Feeble Minded on the sixteenth day of August, 1928. Under the heading of conclusions of law the court found that there was no jurisdiction of the said incompetent persons and that they had received no notice of the time and place of hearing

of appellant's petition as required by law. Upon new evidence the court would have had power to decide that the wards had received no legal notice in fact, for, at least upon a direct attack, jurisdiction of the person depends upon the fact of notice rather than upon the record of notice (14 Cal. Jur., sec. 89, pp. 1025, 1026). Here, however, the court from a mere inspection of what amounts to the judgment-roll of the order appointing guardian decided that no notice was given. Notwithstanding the above-mentioned alteration upon the face of that judgment-roll, it was presumably the identical affidavit of service of notice which was before the first court at the time the guardian was appointed. Several reasons may be stated for this. There is a presumption in favor of the regularity of the judgment. (34 Cor. Jur. 352, 353; 15 Cal. Jur., pp. 67, 68, 75, 76.) From this it may be assumed that the alteration in the affidavit was properly and sufficiently accounted for when it was received in evidence by the first court. The unauthorized alteration of the affidavit after being sworn to, or the spurious or clandestine alteration of the affidavit in the custody of the county clerk after the first hearing would likewise be unlawful. (Pen. Code, secs. 470, 113, 132.) Finally, while it is true that when a mutilated or altered document is offered in evidence it devolves upon the one offering it to satisfactorily account for its condition before it may be received in evidence (Code Civ. Proc., sec. 1982), in this case it was received by stipulation and without objection.

These presumptions negative all the possible grounds we are able to think of which would authorize the second court to decide without new evidence that the notice was not in fact timely served or that the record of the guardianship proceedings showed upon their face that no legal notice was given.

We must, therefore, hold that the evidence given upon the motion to vacate the order appointing guardian was insufficient to support the court's decision that the order appointing guardian was void. The order appealed from is reversed and a new trial of the motion is ordered.