[Civ. No. 8112. First Appellate District, Division One.—February 15, 1932.]

In the Matter of the Guardianship of the Persons and Estates of FRANCIS POZZO et al., Incompetent Persons. CARMEN POZZO, Respondent, v. FRANK POZZO, Appellant.

Knight, Boland & Christin and Thomas P. O'Brien for Appellant.

Louis Oneal and C. E. Luckhardt for Respondent.

DOOLING, J., *pro tem.*—This appeal is from an order in a much-litigated contest between the mother, Carmen Pozzo, respondent herein, and uncle, Frank Pozzo, appellant herein, of two adult incompetent persons, as to which should be appointed their guardian, one phase of which has already been before the other division of this court in *In re Pozzo,* 104 Cal. App. 11 [285 Pac. 330].

A clear understanding of the questions involved on this appeal requires a somewhat detailed recital of many of the proceedings heretofore taken in this matter. Appellant Frank Pozzo originally filed in the Superior Court in Santa Clara County a petition praying to be appointed guardian of the two incompetents and on August 17, 1928, an order was made appointing Frank Pozzo such guardian. On January 22, 1929, respondent Carmen Pozzo, having previously filed a petition asking that she be appointed guardian of such incompetents, filed a notice of motion to set aside the

order appointing Frank Pozzo their guardian on the ground that the court had no jurisdiction to appoint Frank Pozzo. The superior court upon such motion made an order vacating the order appointing Frank Pozzo guardian, which order was reversed in *In re Pozzo, supra.* After the going down of the *remittitur* in that appeal, Carmen Pozzo's motion to vacate the order appointing Frank Pozzo guardian was renewed in the lower court and after a hearing the order appointing Frank Pozzo was again vacated by an order made on October 4, 1930. From this order no appeal was taken. The following day counsel for Frank Pozzo caused new citations to be issued to the incompetents upon his original petition and pursuant thereto on October 15, 1930, procured from the court another order appointing him guardian of the incompetents.

On the following day, October 16, 1930, notice of motion to set aside the last order appointing Frank Pozzo guardian, upon the grounds that the order was taken because of the surprise, inadvertence and excusable neglect of Carmen Pozzo and her counsel, was served and filed. This was supported by the affidavit of one of such counsel which recited many of the facts hereinabove set out and further stated in substance that immediately following the making of the order of October 4, 1930, vacating the original appointment of Frank Pozzo, one of counsel for Frank Pozzo stated to affiant that he would take an appeal from such order and would immediately start work on the preparation of a bill of exceptions, and requested affiant not to take any further steps in the matter until this could be done; that relying on this request affiant did not have the petition of Carmen Pozzo for her appointment as guardian then pending in such court set for hearing and did not examine the records of the county clerk to ascertain whether the petition of Frank Pozzo was again set for hearing; and that the failure of Carmen Pozzo to appear in court and present her own petition or contest that of Frank Pozzo was due to such facts and affiant's reliance thereon.

This motion was duly made and submitted to the court. Thereafter an order to show cause was issued out of said court ordering Frank Pozzo to be and appear before the court on January 2, 1931, to show cause why his letters of guardianship should not be revoked and Carmen Pozzo ap-

pointed in his place and stead. This order to show cause contained the following recital:

"The .verified petition of Carmen Pozzo, to set aside and revoke the letters of guardianship formerly issued to Frank Pozzo, and to issue letters of guardianship to herself . . . coming on regularly to be heard—said Carmen Pozzo being represented by Louis Oneal, Esq., and C. E. Luckhardt, Esq., and Frank Pozzo being represented by Charles Christin, Esq., and T. P. O'Brien, Esq., and the court being fully advised in the premises, and the said petition of Carmen Pozzo asking for the appointment of herself as guardian . . . having been duly filed . . .

"Now, therefore, it is hereby ordered that Frank Pozzo be and appear", etc.

Upon its coming on for hearing, counsel for appellant, Frank Pozzo, objected to any proceedings being had on the ground that the order to show cause was not supported by a verified petition as therein recited and stated no grounds for the removal of a guardian as provided in Code of Civil Procedure, section 1801. Thereupon counsel for respondent, Carmen Pozzo, stated that after the submission of the motion to vacate the order of October 15, 1930, appointing Frank Pozzo guardian, the court feeling that Carmen Pozzo had made a sufficient showing under Code of Civil Procedure, section 473, to justify the setting aside of the order appointing Frank Pozzo, and desiring to dispose of the whole matter at one time, caused the order to show cause to be issued and at the same time had citations served upon the incompetents to appear on the same day so that the entire question of which petitioner should be appointed guardian might be finally determined in an adversary proceeding. Over the continued objection of counsel for appellant the hearing proceeded and at its close the court made the order here appealed from revoking the letters of guardianship of appellant and appointing Carmen Pozzo guardian.

Upon this appeal counsel for appellant insists that the proceedings under the order to show cause were entirely distinct from Carmen Pozzo's motion under Code of Civil Procedure, section 473, and that the order is therefore void. This contention really hinges upon the use of the words "The verified petition of Carmen Pozzo, to set aside and revoke the letters of guardianship formerly issued to Frank

Pozzo'' in the order to show cause. Strictly there was no verified petition for that purpose; but a motion made pursuant to written notice supported by the affidavit of one of counsel for Carmen Pozzo. This affidavit ended with a prayer for revocation of appellant's letters and to that extent was the equivalent of a verified petition. But whether it be so regarded or not, we are satisfied that appellant's objection is purely technical and that he was in fact fairly advised by the order to show cause and the proceedings had thereunder that the trial court, having determined that Carmen Pozzo had in fact made a sufficient showing under Code of Civil Procedure, section 473, for the revocation of his letters, desired to determine which of the two petitioners should finally be appointed guardian of the incompetents. There is no claim that appellant was deprived of an opportunity to make a full showing and he asked for no continuance on the ground of surprise, but preferred to stand on what he felt was a jurisdictional defect in the order to show cause. Under the circumstances we are satisfied that the order appealed from, in so far as it revoked the letters theretofore granted to appellant, may be fairly regarded as an order made pursuant to Carmen Pozzo's motion under Code of Civil Procedure, section 473.

This brings us to appellant's last point, which is that Carmen Pozzo was not a party to the proceeding in which he was appointed guardian so as to be entitled to move under Code of Civil Procedure, section 473, to have the order appointing him set aside. He cites in support of his claim: *Halett* v. *Patrick,* 49 Cal. 590, *Guardianship of Sullivan,* 143 Cal. 462 [77 Pac. 153, 154] , *Matter of Coburn,* 165 Cal. 202 [131 Pac. 352], and *In re Crocker,* 174 Cal. 660 [163 Pac. 1015]. These cases hold that guardianship proceedings in the case of adult incompetents are inaugurated by the filing of the original petition for the appointment of a guardian and thereafter are heard pursuant to such original petition, and that the court is not compelled to appoint a near relative or the petitioner, but may appoint any fit and competent person. In *Guardianship of Sullivan, supra,* it was likewise held that the petitioner, where he waives his own appointment, is not an adverse party upon whom notice of appeal is required to be served. None of the cases can be said to be authority that one seeking himself to be ap-

pointed guardian is not a party to the proceeding so as to be entitled to seek relief under Code of Civil Procedure, section 473.

This question was, in fact, expressly reserved in *Guardianship of Sullivan, supra,* the Supreme Court saying that the petitioner for letters "cannot, in any proper sense . . . be considered a 'party' to an action or proceeding, except in so far as he may be an applicant for the issuance of letters of guardianship to himself. So far as petitioner was in this case an applicant for letters to herself, she had, by her consent that her petition be denied and that other persons be appointed, withdrawn as a party, and it is therefore unnecessary to consider what right she may have had and what position she may have occupied as an applicant for letters of guardianship."

The question thus left open is now presented to us and we do not hesitate to decide that one who opposes the appointment of another as guardian and seeks the appointment for herself, as respondent did in this case, is an adverse party entitled to seek relief under Code of Civil Procedure, section 473.

Respondent sought the revocation of the letters originally issued to appellant, had them revoked, opposed an appeal in which the order of revocation was reversed, had the letters revoked a second time, and all the time had her own petition on file seeking her appointment as guardian. To hold that she was not a party to the proceedings within the meaning of Code of Civil Procedure, section 473, would be to place an unreasonable and unjust meaning upon the language of that section.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.