[No. B098022. Second Dist., Div. Four. Mar. 25, 1996.]

EUROPEAN BEVERAGE, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SAM MEARA, Real Party in Interest.

## COUNSEL

Douglas Brian Levinson for Petitioners.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondent.

Jay S. Bloom for Real Party in Interest.

## OPINION

**EPSTEIN, J.**—In this case we hold that, in a court trial, absent a waiver or a stipulation to the contrary, a party is entitled to have the same judge try all portions of a bifurcated trial that depend on weighing evidence and issues of credibility, and that if that judge is unavailable to do so, a mistrial must be declared.

### FACTUAL AND PROCEDURAL SUMMARY

Sam Meara (real party in interest) brought this action claiming he owned a one-half interest in European Beverage, Inc., and that various defendants (petitioners) committed intentional torts by diluting his interest in European Beverage and diluting its assets. The matter proceeded to trial on June 27, 1994, before Judge Thomas Schneider. The court bifurcated the issues, ordering that the equitable issues of accounting and constructive trust be tried first in a court trial. At the conclusion of this first phase of trial, Judge Schneider determined that real party is the owner of 50 percent of the shares

of the corporation, and directed a special master to conduct an accounting of the net worth of the corporation and inquire into any diversion of assets to petitioners.

The special master issued his report in November 1994. The second phase of the trial was set to begin on December 12, 1995, before Judge Schneider. Before that date, Judge Schneider became the assistant supervising judge of the Northwest District, assigned to the master calendar department. On December 12, the matter was ordered trailed to allow petitioners' counsel to conclude a trial in which he was engaged. Judge Schneider informed the parties that he was no longer available to try the case, and that the remaining issues would be transferred to another judge. On December 14, petitioners filed an ex parte application for an order to prevent transfer of the case to a new trial judge, or alternatively, for a mistrial. The trial court denied the application and ordered the case removed from the trailing calendar and transferred "forthwith" to another judge for trial.

Petitioners then filed a petition for writ of mandate in this court, seeking an order directing the trial court either to quash the transfer or declare a mistrial. They argue that absent a waiver, the parties are entitled to have the judge who enters judgment in a court trial hear all the evidence and determine all the issues. We issued a temporary stay and an alternative writ. We now grant the requested relief.

## DISCUSSION

The law has long been settled that in a civil action "[a] party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury, and from the jury that hears the evidence, where it is tried with a jury. He cannot be compelled to accept a decision upon the facts from another judge or another jury." (*Guardianship of Sullivan* (1904) 143 Cal. 462, 467 [77 P. 153]; *Bodine* v. *Superior Court* (1962) 209 Cal.App.2d 354, 364-365 [26 Cal.Rptr. 260].) Where there has been an interlocutory judgment rendered by one judge, and that judge then becomes unavailable to decide the remainder of the case, a successor judge is obliged to hear the evidence and make his or her own decision on all issues, including those that had been tried before the first judge, unless the parties stipulate otherwise. (*Rose* v. *Boydston* (1981) 122 Cal.App.3d 92, 97 [175 Cal.Rptr. 836].) This is because an interlocutory judgment is subject to modification at any time prior to entry of a final judgment. (*Ibid.*) It is considered a denial of due process for a new judge to render a final judgment without having heard all of the evidence. (*In*

*re Marriage of Colombo* (1987) 197 Cal.App.3d 572, 581 [242 Cal.Rptr. 100]; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 45, p. 483.)

Real party and respondent rely upon California Rules of Court, rule 232.5 as authority for having different judges hear different phases of a bifurcated trial. That rule provides in part: "When a factual issue raised by the pleadings is tried by the court separately and prior to the trial of other issues, the judge conducting the separate trial shall announce the tentative decision on the issue so tried and shall, when requested pursuant to Code of Civil Procedure section 632, issue a statement of decision as prescribed in rule 232; but no proposed judgment shall be prepared until the other issues are tried, except when an interlocutory judgment or a separate judgment may otherwise be properly entered at that time. *If the other issues are tried by a different judge or judges*, each judge shall perform all acts required by rule 232 as to the issues tried by that judge and the judge trying the final issue shall prepare the proposed judgment." (Italics added.)

This rule recognizes that different judges may hear different phases of a trial, an alternative that always has been available upon the stipulation of the parties. But it does not undermine the right of a party to have the same judge hear all the evidence and decide the facts of the case. If the party chooses to waive that right, California Rules of Court, rule 232.5 provides guidance for the manner in which successive judges shall prepare their statements of decision and the final judgment.[1]

Real party claims petitioners waived their right to have Judge Schneider hear the second phase of the trial when, prior to the date set for that phase, they failed to object to having a discovery motion heard and decided by a different judge who was sitting in a law and motion department. The right to have the same trier of fact decide all the factual issues can be waived. (See *Medo* v. *Superior Court* (1988) 205 Cal.App.3d 64, 68-69 [251 Cal.Rptr. 924], discussing waiver of right to have same jury decide compensatory and punitive damages under Civ. Code, § 3295.) But the determination of a discovery motion, like other matters typically heard and decided in law and motion proceedings, is not the trial of a cause involving the hearing of evidence and determination of facts. It would be unreasonable to construe acquiescence in allowing a law and motion judge to hear a discovery motion as amounting to a knowing waiver of the right to have the same judge hear and decide both phases of the evidentiary trial.

Respondent court has filed a letter brief, arguing that strict adherence to the "same judge" rule will defeat the judicial economy of bifurcated trials.

---

[1]Participation without objection in a subsequent phase of a bifurcated trial before a different judge may constitute waiver of this right. (See *In re Horton* (1991) 54 Cal.3d 82, 98-100 [284 Cal.Rptr. 305, 813 P.2d 1335].)

We do not agree. One of the bases for bifurcation is that determination of certain issues may alleviate the need for trial on any others. For instance, if a plaintiff is unsuccessful on the issue of liability, there will be no need for trial on the question of damages. In this case, if real party had been unsuccessful in his claim of stock ownership during the first phase, there would have been no need for an accounting and trial on his claims of dilution and diversion. This potential benefit remains even if a party demands his or her right to have the entire cause tried by the same judge.

Petitioners are entitled to have the second phase of this trial heard by Judge Schneider, or if Judge Schneider is unavailable, to have a mistrial declared so that the entire action can be heard by a different judge.

### DISPOSITION

Let a peremptory writ of mandate issue directing the superior court either to vacate its order transferring the case to a new trial judge or declare a mistrial.

Vogel (C. S.), P. J., and Hastings, J., concurred.

On April 24, 1996, the opinion was modified to read as printed above.