Filed 10/20/15  Marriage of Montoya CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of JANINE and THEODORE MONTOYA. | 2d Civil No. B258125 (Super. Ct. No. SD039801) (Ventura County) |
| JANINE MONTOYA,     Respondent, v. THEODORE MONTOYA,     Appellant. | |

Theodore Montoya appeals a judgment of the family law court determining the value of a community property business as of an alternative valuation date.  (Fam. Law, § 2552, subd. (b).)[1]  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

On November 11, 2009, Janine Montoya ("Wife") filed a petition to dissolve her marriage to Theodore Montoya ("Husband").  The Montoyas eventually agreed to a division of community property and an award of spousal support.  On April 27, 2012, the family law court entered judgment dissolving the marriage and awarding property and spousal support in accordance with the parties' written settlement.  The

---

[1] All further statutory references are to the Family Law Code unless stated otherwise.

court expressly reserved jurisdiction, however, regarding the division of Valley Aire, Inc. ("Valley Aire"), a small heating and air-conditioning business owned and operated by the parties.

Prior to their marital separation, Husband and Wife actively managed Valley Aire together. Husband managed construction, installation, sales, suppliers, and subcontractors; Wife managed the administration, marketing, and finances of the business. In April 2012, Rodd Feingold, a certified business broker and certified public accountant, appraised Valley Aire at the parties' request. Feingold later opined that the business was worth between $467,521 and $480,761 as of May 31, 2012.

Following entry of judgment, Husband frustrated Wife's efforts to obtain information regarding Valley Aire's financial health. In December 2012, Husband ousted Wife as an employee, officer, and director of Valley Aire and, thereafter, managed the business alone. Husband then transferred assets of Valley Aire to a newly formed business, "Tri County Aire," owned by a former employee of Valley Aire but operated by Husband.

On May 5, 2013, Husband filed for bankruptcy, personally and on behalf of Valley Aire. On June 18, 2013, Wife moved for relief from the automatic stay of Husband's personal bankruptcy in order to pursue division of Valley Aire in the family law court. Wife alleged that Husband filed a bankruptcy action to impede division of the business. She also stated that she would not pursue enforcement or collection of any estate asset without permission of the bankruptcy court. Wife pointed out that trial regarding the division of Valley Aire was scheduled and imminent when Husband filed for bankruptcy.

On August 14, 2013, the bankruptcy court granted Wife relief from the automatic stay, retroactive to the date Husband filed his personal bankruptcy petition. On November 20, 2013, Wife requested the family law court to order an alternative valuation date for Valley Aire. (§ 2552, subd. (b).) On January 14, 2014, after a brief hearing in which Husband appeared in propria persona, the court granted Wife's request.

2

On February 28, 2014, the family law court held a trial regarding valuation of Valley Aire.[2] The court found good cause for a May 31, 2012, valuation date because: 1) Valley Aire was a going concern when the court entered judgment in April 2012, dissolving the marriage and awarding property; 2) Valley Aire's unadjusted gross revenue for 2011 was approximately $1.4 million and its unadjusted gross revenue for 2012 was approximately $1.66 million; 3) Husband ousted Wife from management of the business in 2012; 4) Husband refused to produce financial records or be deposed regarding the financial health of Valley Aire; 5) Husband filed for bankruptcy, personally and on behalf of Valley Aire in 2013; 6) Valley Aire ceased doing business after the bankruptcy filing and its assets were rolled over into a new business operated by Husband; and 7) the cumulative effect of these actions by Husband destroyed the current value of the business.

During trial, the family law court considered the expert testimony of Feingold, Wife's business valuation expert, and that of Phillip Sabol, Husband's business valuation expert. Feingold opined that Valley Aire was worth between $467,521 and $480,761 as of May 31, 2012. Sabol opined that Valley Aire was worth $46,500 on May 31, 2012. The two expert witnesses employed different methods in appraising Valley Aire; Feingold considered the business's goodwill and tangible assets. Sabol considered a value for the business based upon a "discounted cash flow approach."

The family law court accepted Feingold's expert opinion and determined that Valley Aire was worth $467,521 as of May 31, 2012. The court awarded the business to Husband, subject to his payment of $233,760.50 as an equalizing payment to Wife. In a written ruling, the court stated that it selected an alternative valuation date in part due to "Husband's conduct in destroying the value of the business."

---

[2] The proceedings were not reported. Husband was represented during the proceedings by an attorney who had represented him in earlier proceedings.

Husband then moved for a new trial, asserting an irregularity in the proceedings and insufficient evidence to support the family law court's findings, among other grounds. Prior to ruling, the judge stated that he had reviewed the substantial file of the Montoya dissolution ("two full buckets" of documents) and a "considerable body of both California and Federal bankruptcy law." In a two-page decision, the court denied the new trial motion. The family law judge pointed out that Husband and Wife had separately filed for bankruptcy and had obtained orders releasing the stays.[3]

Husband appeals and contends that: 1) the family law court lacked jurisdiction to adjudicate the Valley Aire asset; 2) disposition of Valley Aire in the bankruptcy court rendered the matter res judicata; 3) the family law court abused its discretion by denying his motion to continue trial; and, 4) the family law court abused its discretion by deciding on the May 31, 2012, alternative valuation date.

## DISCUSSION

### I.

Husband argues that the family law court did not have jurisdiction to value or divide Valley Aire because it was the subject of bankruptcy proceedings and the automatic stay pursuant to section 362(c) of title 11 of the United States Code. He points out that all community property not yet divided by a state court at the time of a bankruptcy filing is property of the bankruptcy estate. (*Dumas v. Mantle* (9th Cir. 1998) 153 F.3d 1082, 1085; *In re Teel* (1983) 34 B.R. 762, 764.)

In the dissolution judgment, the family law court expressly reserved jurisdiction regarding Valley Aire, a community property asset. The court thus possessed continuing jurisdiction to make orders regarding the parties' respective interests in the asset. (§ 2550.) Wife obtained orders releasing the automatic stay in her personal bankruptcy and Husband's personal bankruptcy. Her application for the order expressly referred to the valuation of Valley Aire and a determination of her rights "for

---

[3] The appellate record does not contain Wife's 2011 bankruptcy petition.

4

spousal support, or of any other obligation to be incurred by [Husband] in the course of the divorce proceedings."

Wife's claim against Husband for an alternative valuation date rested upon his pre-bankruptcy acts of ousting Wife from the management of Valley Aire and in dissipating the community business. Selection of a valuation date a year earlier than Husband's filing of bankruptcy does not violate the exclusive jurisdiction of the bankruptcy court regarding the debtor and his estate. The family law court did not adjudicate Valley Aire's assets, debts, or obligations, and its order does not conflict with the bankruptcy court's orders regarding a later valuation of Valley Aire and its assets.

*II.*

Husband contends that principles of res judicata, collateral estoppel, or equitable estoppel apply to the bankruptcy court's disposition of Valley Aire for $45,000 by written settlement agreement with Husband on July 30, 2013. He points out that Wife participated in Valley Aire's bankruptcy proceedings and offered to purchase the business therein.

Husband raises this contention for the first time on appeal; he did not raise the defenses of res judicata, collateral estoppel, or equitable estoppel in the family law court. "The fundamental rule that a reviewing court does not consider arguments or theories that could have been but were not raised below 'is especially applicable to the doctrine of estoppel, which includes factual elements that must be established in the trial court.'" (*Rogers v. County of Los Angeles* (2011) 198 Cal.App.4th 480, 490, fn. 6.) Collateral estoppel must be proved in the trial court or the issue is forfeited. (*Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP* (2010) 184 Cal.App.4th 313, 332.) A party relying upon the doctrine of collateral estoppel bears the burden of proving that a particular issue was actually tried and determined in the prior action. (*Ibid.*) Husband did not submit evidence from the bankruptcy proceedings to the trial court to establish that the same issues were tried and determined in that action. He has forfeited the issue here.

5

*III.*

Husband argues that the family law court abused its discretion by denying his request for a trial continuance. He points out that he requested the continuance 10 days prior to the scheduled trial date of February 28, 2014, in order to obtain the testimony of James Philgren, a certified public accountant who had examined and assertedly "corrected" Valley Aire's financial records. Husband stated that Philgren was unavailable to testify until after income tax filing season. Husband added that he had only recently retained his attorney.

Husband also asserts that he has been denied due process of law because Judge Lund heard the motion for an alternative valuation date, but Judge Guasco conducted the trial thereon and decided the matter. (*European Beverage, Inc. v. Superior Court* (1996) 43 Cal.App.4th 1211, 1214 [litigant entitled to a decision from the judge who hears the evidence].)

The grant or denial of a continuance is within the trial court's discretion. (*Scott v. C.R. Bard, Inc.* (2014) 231 Cal.App.4th 763, 783.) In deciding whether to grant a continuance, the court may consider the proximity to trial, prejudice to the other party, previous dilatory conduct, and abuse of pretrial procedures, among other circumstances. (*Batarse v. Service Employees Internat. Union, Local 1000* (2012) 209 Cal.App.4th 820, 828-829.) We review the court's order for an abuse of discretion. (*Scott*, at p. 783.) Thus, we will affirm the order unless it is unreasonable, arbitrary, or capricious. (*Ibid.*)

The family law court did not abuse its discretion by denying the continuance. Husband had frustrated Wife's efforts at discovery and had a history of dilatory conduct. Husband also had three months' notice that Wife was seeking an alternative valuation date and an evidentiary hearing thereon. In addition, Philgren was not available until the end of income tax season, at least two months later. Given these circumstances, the order denying the continuance was reasonable.

6

Moreover, Husband was not denied due process of law because Judge Guasco conducted the evidentiary hearing and decided the value of Valley Aire. Judge Lund granted the motion for an alternative valuation date, based upon a declaration, written argument, and attached exhibits. Judge Guasco conducted the trial and decided the matter. Thus, Husband received a decision from the judge who personally received and considered the evidence.

*IV.*

Husband contends that the family law court abused its discretion by permitting the alternative valuation date of May 31, 2012. He points out that Judge Lund did not conduct a hearing with witnesses and evidence prior to granting Wife's motion.

Section 2552, subdivision (a) requires the family law court to "'value the assets and liabilities as near as practicable to the time of trial.'" (*In re Marriage of Honer* (2015) 236 Cal.App.4th 687, 693.) Upon notice and for good cause, the court may value the assets "'at a date after separation and before trial to accomplish an equal division of the community estate of the parties in an equitable manner.'" (*Ibid.*) We review the court's decision of an alternative valuation date for an abuse of discretion. (*Id.* at p. 694.)

The family law court did not abuse its discretion in finding good cause for the alternative valuation date. Wife supported her motion with a declaration and exhibits. According to the Register of Actions, it appears that Husband filed a responsive declaration to Wife's motion. At the hearing, Husband did not request an evidentiary hearing.

At trial, the family law court found good cause for the alternative valuation date because 1) Valley Aire was a going concern at the time marital status was terminated in April 2012; 2) Valley Aire had unadjusted gross revenue in 2011 of $1.4 million and in 2012 of $1.66 million; 3) in 2012, Husband ousted Wife as an employee, officer, and director of Valley Aire; 4) Husband resisted discovery regarding Valley

7

Aire; 5) Husband filed for personal bankruptcy and bankruptcy of Valley Aire in 2012; and 6) Husband transferred Valley Aire's assets to a new business. These findings support the court's conclusion that good cause existed for an alternative valuation date.

The judgment is affirmed. Theodore Montoya shall bear costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

Roger L. Lund, Matthew P. Guasco, Judges

Superior Court County of Ventura

_____

The Reape - Rickett Law Firm, Donald S. Sherwyn for Appellant.

Law Office of Anthony D. Zinnanti, Anthony D. Zinnanti for Respondent.