Filed 1/11/16  Sumner v. Superior Court CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| DONALD SUMNER, as Successor Trustee, etc.,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>      Respondent;<br><br>ROGER SUMNER,<br><br>      Real Party in Interest. | No. B265774<br><br>(Los Angeles County<br> Super. Ct. No. BP115859) |

ORIGINAL PROCEEDINGS in mandate.  David S. Cunningham III, Judge.
Petition granted.

Sacks, Glazier, Franklin & Lodise, Matthew W. McMurtrey, Jessica A. Uzcategui and Ryan D. Houck for Petitioner.

No appearance for Respondent.

The Burbank Firm and Jason T. Grutter for Real Party in Interest.

————————————————

## INTRODUCTION

Donald Sumner is the successor trustee of the Gay A. Sumner and Catharine H. Sumner Trust. Both settlors are deceased. Donald and his brother, Roger Sumner,[1] are the beneficiaries of the trust.[2] They are at odds over the administration of the trust and litigation eventually ensued.

After an evidentiary hearing before the probate court (Hon. James A. Steele) on three petitions concerning the trust, the probate court issued its statement of decision on the first of a two-phase bifurcated proceeding. The following day Judge Steele retired from the bench. He did not sign or file an order on any of the three petitions.

Upon reassignment of the pending matters to a different judge in the probate division (Hon. David S. Cunningham III), Donald moved for a mistrial arguing he was entitled to have the same judge hear and determine all matters before the court, and it would be a denial of due process to allow a different judge to conduct the second phase of the evidentiary hearing. The probate court denied Donald's motion.

Donald sought writ relief in this court requesting an order to compel the probate court to vacate its order denying the motion and to enter a new order granting the motion. We agree with Donald in large part, and order that a peremptory writ of mandate issue

---

[1] The parties before the court share the same last name. For clarity, we refer to them by their first names.

[2] The settlors of the trust had only two children, Donald and Roger. Except for a few monetary gifts, the trust calls for equal distribution of its assets to Donald and Roger. The trust consists of both real property and securities. The parties filed a joint trial statement with the probate court and explained, "under the terms of the Trust, Donald Sumner is to receive certain residential real property located in Laguna Beach and Roger Sumner is to receive certain residential real properties located in Los Angeles, California, commonly known as the Round Top Property and the Eagle Rock Property. In 2005, the Eagle Rock Property was sold through an Internal Revenue Code section 1031 exchange and replaced with two properties in Las Vegas, Nevada, commonly known as the Milford Haven Property and the Budenny Property."

2

directing the probate court to vacate its order denying the mistrial as to two of the three petitions.

## FACTUAL BACKGROUND

On April 7, 2014, Judge Steele commenced an evidentiary hearing on three different petitions and objections thereto:[3]

The first petition was Donald's revised Sumner trust accounting for period May 1, 2003 to January 31, 2011 (Donald's accounting). Through his accounting, Donald sought probate court approval of his acts, report and account for the period of May 1, 2003 through January 31, 2011. Prior to the evidentiary hearing, Donald supplemented his accounting to request approval of compensation for his services as trustee in the amount of $135,714 and to charge the costs and expenses of the litigation against Roger's share of the trust.

Roger's objection to the revised Sumner trust accounting for period May 1, 2003 to January 31, 2011 raised a number of objections to Donald's accounting. Roger lodged a "general objection" to any payments made by Donald "that were not made for the benefit of the Trust Estate for which the Trustee should be surcharged." He objected to the valuation of all trust assets, including a Laguna Beach property; penalties and interest for late paid estate taxes; excessive attorney's fees paid; property maintenance expenses for the Laguna Beach property; diminution in value to the trust property based on a delay in distribution; losses in the stock market based on a delay in liquidating assets; various specific improperly paid expenses; and use of trust property by Donald without compensation to the trust. Roger requested Donald be surcharged, charged with

---

[3] According to Donald, the petitions were consolidated for purposes of trial.

attorney's fees and costs pursuant to Probate Code[4] section 17211,[5] and assessed with double damages under section 859.[6]

The second petition was Donald's petition for determination of wrongful taking of trust property by Roger and for imposition of double damages (Donald's section 850 petition).[7] Donald alleged in his petition the trust owned an extensive Asian art

---

[4] All further references are to the Probate Code unless otherwise noted.

[5] Section 17211 provides: "(a) If a beneficiary contests the trustee's account and the court determines that the contest was without reasonable cause and in bad faith, the court may award against the contestant the compensation and costs of the trustee and other expenses and costs of litigation, including attorney's fees, incurred to defend the account. The amount awarded shall be a charge against any interest of the beneficiary in the trust. The contestant shall be personally liable for any amount that remains unsatisfied. [¶] (b) If a beneficiary contests the trustee's account and the court determines that the trustee's opposition to the contest was without reasonable cause and in bad faith, the court may award the contestant the costs of the contestant and other expenses and costs of litigation, including attorney's fees, incurred to contest the account. The amount awarded shall be a charge against the compensation or other interest of the trustee in the trust. The trustee shall be personally liable and on the bond, if any, for any amount that remains unsatisfied."

[6] Section 859 provides: "If a court finds that a person has in bad faith wrongfully taken, concealed, or disposed of property belonging to a conservatee, a minor, an elder, a dependent adult, a trust, or the estate of a decedent, or has taken, concealed, or disposed of the property by the use of undue influence in bad faith or through the commission of elder or dependent adult financial abuse, as defined in Section 15610.30 of the Welfare and Institutions Code, the person shall be liable for twice the value of the property recovered by an action under this part. In addition, except as otherwise required by law, including Section 15657.5 of the Welfare and Institutions Code, the person may, in the court's discretion, be liable for reasonable attorney's fees and costs. The remedies provided in this section shall be in addition to any other remedies available in law to a person authorized to bring an action pursuant to this part."

[7] Section 850 provides in part: "(a) The following persons may file a petition requesting that the court make an order under this part: [¶] . . . [¶] (3) The trustee or any interested person in any of the following cases: [¶] . . . [¶] (B) Where the trustee has a claim to . . . personal property, . . . possession of which is held by another." Section 856 provides, in part, "if the court is satisfied that a conveyance, transfer, or other order

4

collection, and Roger had wrongfully taken possession of the bulk of it. Donald sought return of the artwork to the trust and double damages pursuant to section 859.

Roger's objection to Donald's section 850 petition set forth Roger's view he had attempted to cooperate with the trust's appraiser and was not wrongfully holding the artwork. He asked that the petition be denied in its entirety.

The final petition was Roger's first amended petition for (1) instructions pursuant to section 17200,[8] (2) to recover damages for breach of trust by the trustee, (3) for removal of the trustee for breach of trust, (4) to deny the trustee compensation, (5) to impose an equitable lien or constructive trust on property, (6) to recover property and recover damages under sections 850 and 859, and (7) to surcharge attorney's fees and recover petitioner's attorney's fees pursuant to section 17211 (Roger's omnibus petition). Through this petition, Roger sought multiple forms of relief under different sections of the Probate Code.[9] The omnibus petition requested instructions, section 850 relief, and removal of Donald as trustee. It also restated objections to Donald's accounting in the form of a request to recover damages.

In the omnibus petition, relying on section 17200, Roger sought instructions from the probate court that the trust assets be valued as of the date of the death of the surviving settlor. He also requested that the probate court instruct that the trust did not require Roger to receive the Las Vegas properties as part of his distribution.

---

should be made, the court shall make an order . . . directing . . . the person having . . . possession of the property, to . . . transfer to the person entitled thereto . . . ."

[8] Section 17200 provides in part: "(a) Except as provided in Section 15800, a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust. [¶] (b) Proceedings concerning the internal affairs of a trust include, but are not limited to, proceedings for any of the following purposes: [¶] . . . [¶] (6) Instructing the trustee."

[9] Roger's omnibus petition requested relief under sections 17200, 16420 and 850. Each of the sections authorizes an independent action. For example, section 17200 states a beneficiary "may petition the court" and section 16420 allows a beneficiary to "commence a proceeding" where there has been a breach of trust.

The relief sought by Roger through section 850 centered on the trust's Asian artwork. It also raised issues concerning Donald's payment of expenses that were not properly chargeable to the trust, Donald's use of trust property without compensating the trust for such use and Donald's use of trust assets to enhance the value of assets he received from the trust.[10]

Roger's omnibus petition also requested the probate court remove Donald as trustee based on various alleged breaches of trust. Roger asked that he be appointed as trustee after Donald's removal.

Finally, in his omnibus petition, Roger restated almost all of his objections to Donald's accounting where a surcharge might be appropriate (penalties and interest on late filed estate taxes, losses based on a delay in distribution, failure to compensate the trust for the use of trust property, use of trust assets to enhance the value of assets Donald received from the trust). He requested that the probate court deny Donald any compensation for his services as trustee. Roger also alleged that Donald's unreasonable opposition to his omnibus petition as well as his objections to Donald's accounting warranted an award of fees pursuant to section 17211.

The parties jointly identified 13 contested issues running through the three petitions in their joint trial statement. "The parties agreed that the amount of any attorneys' fees to be awarded [under section 17211] would be bifurcated" from the other issues. The issues for resolution in phase one of the evidentiary hearing were:

(1) valuation of the Laguna Beach property;

(2) distribution of the Las Vegas properties;

(3) valuation of the Las Vegas properties;

(4) surcharge for stock liquidation losses;

(5) surcharge for estate tax penalties and interest;

(6) claim for attorney's fees for services related to trust administration;

---

[10] With the exception of the Asian artwork, the section 850 claims were restated objections to Donald's accounting.

(7) Asian art collection;

(8) trustee's fees;

(9) allocation of Round Top expenses;

(10) allocation of Las Vegas expenses;

(11) surcharge against trustee;

(12) Roger's failure to account; and

(13) trustee's removal.[11]

At the conclusion of phase one of the evidentiary hearing, the probate court issued a written proposed statement of decision. Donald filed objections to it. The court thereafter signed and filed its lengthy written statement of decision on September 19, 2014.

While the probate court made certain findings that would be relevant to Donald's accounting in its statement of decision, the probate court neither approved nor disapproved Donald's accounting.[12] Instead, the probate court ordered Donald to update his accounting and bring it current as of the date of the statement of decision.

The statement of decision stated Donald's section 850 petition was denied. The probate court found that Donald did not meet his burden of proof on the petition.

Consistent with the parties' bifurcation agreement, the statement of decision did not resolve the issue of attorney's fees. The probate court did, however, determine that Roger was entitled to his attorney's fees, pursuant to section 17211, with the amount of the fees subject to further hearing.

---

[11]     Issue 2, distribution of the Las Vegas properties, and issue 13, trustee's removal, are contained within Roger's omnibus petition. Issue 7, Asian art collection, is contained within Donald's section 850 petition as well as Roger's omnibus petition. The remaining 10 issues are related to Donald's accounting as well as Roger's request for damages set forth in Roger's omnibus petition.

[12]     After the evidentiary hearing, according to the probate attorney notes and as verified by Roger's counsel at oral argument, Roger acknowledged that Donald's accounting "was never approved" in pleadings he filed with the probate court on March 30, 2015.

Finally, the statement of decision made certain findings that related to Roger's omnibus petition. In addition, the court gave one of the two instructions requested by Roger[13] and ordered Donald removed as trustee. It also determined Donald should be surcharged for certain breaches of trust.

Judge Steele retired the day after filing the statement of decision. He did not sign any formal orders related to the three petitions. The matters were subsequently assigned to Judge Cunningham.

On November 26, 2014, Donald filed a notice of appeal from the "Statement of Decision, constituting the Court's final decision on the merits."[14] On December 19, 2014, Roger filed his protective notice of cross-appeal disputing "that the Order or Orders awarded in the Statement of Decision, filed 9/19/2014, constitute an appealable order." Briefing on the appeal and cross-appeal has been stayed by this court pending resolution of this writ petition.

Upon reassignment of the matters to Judge Cunningham, Donald filed his motion for mistrial. In his motion, Donald argued he was entitled to have the same judge hear and resolve all of the parties' issues, and he was entitled to a mistrial because Judge Steele was no longer able to hear phase two of the evidentiary hearing, the section 17211 attorney's fees issue.

Judge Cunningham ruled on Donald's motion on May 4, 2015. Judge Cunningham denied the motion finding that there were no grounds for a mistrial and that Judge Steele's statement of decision was appealable.

---

[13]    The court instructed that the trust assets were to be valued as of the date of the death of the surviving settlor, thereby squarely addressing one of Roger's requests. The court's instruction concerning the Las Vegas properties, however, was less direct and not limited to merely providing the instruction as it included language related to a surcharge.

[14]    Donald cited *Alan v. American Honda Motor Co.* (2007) 40 Cal.4th 894, 901 for the proposition that, "[r]eviewing courts have discretion to treat statements of decision as appealable when they must . . . ."

8

On July 30, 2015, Donald filed his petition for writ of mandate based on the probate court's denial of his motion for a mistrial. He requested an immediate stay of the trial court and appellate proceedings. We issued an order to show cause why the probate court should not be compelled to vacate its order denying Donald's motion for a mistrial and issue a new and different order granting the motion.

## DISCUSSION

Donald contends the probate court's denial of his motion for a mistrial was an abuse of discretion. Donald argues the probate court erred because he is entitled to have both phases of the evidentiary hearing heard and decided by the same judge. He asserts that the statement of decision did not dispose of all of the issues between the parties and does not constitute an appealable final judgment. Finally, he contends that the issues for the second phase of the evidentiary hearing necessarily rely on facts determined by Judge Steele, and as Judge Steele is not available to conduct the phase two proceedings addressing Roger's award of attorney's fees, a mistrial must be granted.

### A. *Standard of Review*

"The fundamental idea of a mistrial is that some *error* has occurred which is too serious to be corrected, and therefore the trial must be terminated, so that proceedings can begin again."[15] (*Blumenthal v. Superior Court*, *supra*, 137 Cal.App.4th at p. 678.) A

---

[15] "[A] mistrial by definition is a species of prophylactic waste of resources in the name of preventing yet further waste of resources. The decision to declare a mistrial is one that essentially scraps a considerable public investment in the form of judge . . . time, and an equivalent private investment in the form of attorney and witness time. The waste is justified in the name of a higher good, namely, the prevention of the further waste of resources at the appellate level where, presumably, the error would be corrected by vacating the judgment and sending the case back for retrial anyway." (*Blumenthal v. Superior Court* (2006) 137 Cal.App.4th 672, 679, fn. omitted.)

9

trial court's decision on a motion for a mistrial is reviewed under an abuse of discretion standard. (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1248.)

"'The abuse of discretion standard . . . measures whether, . . . the act of the [trial court] falls within the permissible range of options set by the legal criteria. "The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion."' [Citation.]" (*Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1089.)

## B.  *The One Judge Rule*[16]

It has long been the rule in this state that the judge who hears the facts of a case must be the same judge who decides it. For example, in *Guardianship of Sullivan*, *supra*, 143 Cal. 462 the California Supreme Court reversed an order appointing a guardian for an incompetent adult. In the trial court, one judge heard the evidence, another heard argument, and a third judge signed the order. The Supreme Court held: "A party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence, where the matter is tried without a jury . . . . He cannot be compelled to accept a decision upon the facts from another judge . . . ." (*Id.* at p. 467; accord, *European Beverage, Inc. v. Superior Court* (1996) 43 Cal.App.4th 1211, 1214.) Having a judge other than the judge who heard the evidence decide the matter deprives the parties "of their right to a full and fair trial." (*Armstrong v. Picquelle* (1984) 157 Cal.App.3d 122, 128.)

*European Beverage, Inc. v. Superior Court*, *supra*, 43 Cal.App.4th 1211 is illustrative. In *European Beverage*, the plaintiff claimed he was entitled to a one-half interest in a corporation, and that his interest had been diluted by the conduct of various defendants. The court conducted a bifurcated trial and addressed the equitable issues of

---

[16]    For ease of reference, we refer to the holding of *Guardianship of Sullivan* (1904) 143 Cal. 462 as the one judge rule.

an accounting and a constructive trust. At the conclusion of the first phase of the trial, the judge determined the plaintiff owned 50 percent of the shares of the corporation, and the judge then referred the matter to a special master to conduct an accounting and inquire about the diversion of corporate assets. After the special master had issued his report and prior to the second phase of the trial, the judge became unavailable as he was assigned to an administrative position within the court. The defendants sought to prevent reassignment of the case, or alternatively, a mistrial based on the original judge's unavailability. The court denied the request and reassigned the remaining phase of the trial to a different judge. (*Id.* at pp. 1213-1214.)

On a petition for writ of mandate, Division Four of this court agreed with the defendants. Relying on *Guardianship of Sullivan*, *supra*, 143 Cal. at page 467, the Court of Appeal in *European Beverage* held that "[w]here there has been an interlocutory judgment rendered by one judge, and that judge then becomes unavailable to decide the remainder of the case, a successor judge is obliged to hear the evidence and make his or her own decision on all issues, including those that had been tried before the first judge, unless the parties stipulate otherwise." (*European Beverage, Inc. v. Superior Court*, *supra*, 43 Cal.App.4th at p. 1214.) The court continued, "[i]t is considered a denial of due process for a new judge to render a final judgment without having heard all of the evidence." (*Ibid.*)

Of particular significance in *European Beverage* was the finding that the trial court's decision in the first phase of the trial was interlocutory. That is, the order could have been "modified by the court after further evidence or the law has been considered." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 13, p. 556.) Accordingly, *European Beverage* held "a party is entitled to have the same judge try all portions of a bifurcated trial that depend on weighing evidence and issues of credibility, and that if that judge is unavailable to do so, a mistrial must be declared." (*European Beverage, Inc. v. Superior Court*, *supra*, 43 Cal.App.4th at p. 1213.)

We agree the one judge rule is implicated by Judge Steele's unavailability after deciding the first of a two-phase bifurcated evidentiary hearing. We disagree, however,

with Donald's sweeping and oversimplified view of the one judge rule in these probate proceedings concerning three petitions consolidated for trial. Merely because Judge Steele did not dispose of all of the issues raised by the three petitions by formal order does not necessarily require the parties to start the evidentiary hearing anew based on the one judge rule. Whether the one judge rule requires Donald's motion for a mistrial to be granted necessarily requires an examination of the proceedings below, the issues raised, and the statement of decision to discern whether the statement of decision "constitutes a final determination on the petition[s] and contemplates no further judicial action to give [the statement of decision] vitality as an order." (*Estate of Lock* (1981) 122 Cal.App.3d 892, 897.) Under the one judge rule, as set forth in *European Beverage, Inc. v. Superior Court*, *supra*, 43 Cal.App.4th at page 1213, a mistrial is required only if the judge now assigned to hear the matters would be required to rely on Judge Steele's factual determinations to render a final decision on any of the petitions, because "a party is entitled to have the same judge try all portions of a bifurcated trial that depend on weighing evidence and issues of credibility . . . ." (*Ibid.*)

**C. *A Statement of Decision Under Certain Circumstances May Be Deemed a Final Order***

While strictly not an order, depending on the issuing judge's intentions, a statement of decision may be treated as an order where "it constitutes the trial judge's determination on the merits." (*Estate of Lock*, *supra*, 122 Cal.App.3d at p. 896.) For example, in *Estate of Conroy* (1977) 67 Cal.App.3d 734, the issue was whether a document issued labeled "'Decision'" and filed by the probate court was an order for purposes of appeal. The court noted that the decision was "signed and filed," stated that an amended report of the inheritance referee was "'hereby approved'" and provided the judge's reasons for the ruling. (*Id*. at p. 737, fn. 1.) The court stated "'since no particular language is requisite for an order, a trial judge's written statement of his views on the law and the proper decision may be treated as an order when signed and filed and when it constitutes his final judicial determination on the merits.' [Citation.]" (*Ibid*.) Finally,

12

*Conroy* determined, "The use of the phrase 'is hereby approved' would clearly indicate that the document entitled 'Decision' was intended to be a final determination of the matter on the merits and therefore an order and should be treated as such although not properly labeled." (*Ibid.*)

*Estate of Lock*, *supra*, 122 Cal.App.3d at page 896 is similar. *Lock* concerned a petition for final account and report of the personal representative of an estate. After conducting a hearing on the petition, the probate court rendered a "'Decision'" denying the petition.[17] On appeal, one of the parties argued that the decision was "not an order, but merely a statement expressing the court's disapproval of the executor's petition for settlement of account and final distribution." (*Ibid.*) The court, however, rejected the argument, noting "it is well settled that the substance or effect of the judgment and not its designation is determinative of its finality. A memorandum of decision may be treated as an appealable order or judgment when it is signed and filed, and when it constitutes the trial judge's determination on the merits." (*Ibid.*)

Upon examination of the document, the court determined the probate court's decision was "in effect a final judgment." (*Estate of Lock*, *supra*, 122 Cal.App.3d at p. 897.) The court was persuaded by the probate court's language denying the petition and disallowing certain disbursements in the account. The probate court's decision was filed and entered by the clerk. The court stated: "It is couched in terms of an order, as signed, filed and entered: in our view, it should be treated as final and appealable, notwithstanding its label." (*Ibid.*)

The circumstances here are similar to those in *Conroy* and *Lock*; there is a statement of decision and no formal order. Further complicating the matter, given Judge Steele's unavailability, the parties cannot return to the probate court to obtain a formal

---

[17] While it is not entirely clear, it appears that a typographical error in the probate court's decision was later corrected by a document entitled correction to intended decision. The probate court directed counsel to prepare a judgment in accordance with its correction to intended decision. (*Estate of Lock*, *supra*, 122 Cal.App.3d at p. 896.)

13

order based on the statement of decision.[18]  To the extent we determine the statement of decision, or portions of it, may be treated as a final order, the one judge rule does not apply as such an order is not modifiable by a subsequent judge.  The one judge rule ensures that the judge who actually heard the evidence decides the matter.

    1. *Donald's Section 850 Petition*

Donald's section 850 petition is based on an allegation that Roger took certain Asian artwork that belonged to the trust.  It seeks the return of that property to the trust and double damages under section 859.

The statement of decision declares:  "The trustee's [section] 850 petition as to the Asian art collection is denied."  It further declares that Donald did not meet his burden of proof and did not demonstrate that Roger took the artwork.  Similar to the language in the decisions in *Conroy* and *Lock*, the language of the statement of decision is clear and indicates it is intended to be a final decision on the merits.  The statement of decision explains the legal reason for its determination—Donald did not meet his burden.  That portion of the statement of decision addressing Donald's section 850 petition leaves nothing more from that petition to be adjudicated between the parties.  The relief sought through the petition was completely denied by the probate court.  No further proceedings are required on the petition.

---

[18]    Where an order or judgment is clear based on a statement of decision, litigants may obtain a signed order or judgment based on the statement of decision.  Code of Civil Procedure section 635 provides:  "In all cases where the decision of the court has been entered in its minutes, and when the judge who heard or tried the case is unavailable, the formal judgment or order conforming to the minutes may be signed by the presiding judge of the court or by a judge designated by the presiding judge."  This statute applies where a *final* statement of decision was issued by the judge who heard the evidence. (*Armstrong v. Picquelle*, *supra*, 157 Cal.App.3d at p. 127.)

## 2. *Donald's Accounting*

As noted, the probate court neither approved nor disapprove Donald's accounting in its statement of decision. Instead, it directed that Donald supplement his accounting. Further probate court involvement with the parties was contemplated to resolve Donald's accounting and Roger's objections. (See *Northern Trust Bank v. Pineda* (1997) 58 Cal.App.4th 603, 607; see also § 1304, subd. (a)(1).) Indeed, as stipulated by the parties, phase two of the bifurcated proceeding was to address attorney's fees available under section 17211, an issue concerning the trustee's accounting and objections. The statement of decision makes no reference to Donald's request for $135,714 as trustee's fees or any offset that may be required based on surcharge. Judge Steele made certain factual findings relevant to the accounting, but the statement of decision did not rule on Donald's accounting and did not end the litigation on the petition.[19] Accordingly, nothing in the statement of decision could be deemed a final order on Donald's accounting. Instead, further proceedings in the probate court are required to resolve the petition and the objections.

## 3. *Roger's Omnibus Petition*

The statement of decision does not purport to dispose of all of the many issues raised by Roger's omnibus petition. Under the guise of a single petition, Roger elected to seek relief under various provisions of the Probate Code, each of which could have supported an individual petition. Instead, Roger asked the probate court in one petition to instruct Donald concerning trust administration issues (§ 17200, subd. (b)(6)), remove the

---

[19]     For the probate court to rule on an accounting, it must consider, among other things, the trustee's inventory, receipts, disbursements, losses and distributions. (§§ 1061 & 1062; see generally § 1060 et seq.) The statement of decision does not address any of the required elements of an accounting under the Probate Code.

trustee (§ 16420, subd. (a)(5)) and find Donald liable for damages (*id.*, subd. (a)(3)).[20] Roger also sought attorney's fees pursuant to section 17211.

As to Roger's omnibus petition, the statement of decision is incomplete. While it addresses some of the issues raised by the petition, there is no language within it that completely resolves all of the matters raised. The probate court certainly contemplated further proceedings on the petition; the second phase of the evidentiary hearing was to address the section 17211 relief requested by Roger.

Additionally, Roger's request for damages contained within his omnibus petition was nothing more than a restatement of his objections to Donald's accounting. Roger recognized this as he sought attorney's fees for his omnibus petition through section 17211, applicable only for unreasonable and bad faith conduct related to accountings, for Donald's opposition to his petition as well as Donald's contest of Roger's objections to the accounting.[21] Moreover, the contested issues set forth by both parties in their joint trial statement do not reflect that Roger's request for damages covered any issues other than those contained in his objections to Donald's accounting.[22] The request for damages was cumulative of those issues before the court in Donald's accounting.

As the issues related to Roger's request for damages are merely identical to his objections to Donald's accounting and there is no final order on Donald's accounting, there can be no final order here on Roger's request for damages. Just as the parties must

---

20      Based on the parties' joint trial statement, it does not appear from the contested issues that Roger intended to proceed on his section 850 request.

21      In *Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1599, the court held section 17211, subdivision (b), should be read broadly to apply to actions challenging the trustee's conduct and alleged breaches of trust outside of an actual accounting proceeding. The court reasoned that the trustee's actions are in issue on an accounting, and a beneficiary's entitlement to fees should not be limited based on the label attached to the proceedings.

22      As noted, with the exception of the issue of the distribution of the Las Vegas properties, the Asian artwork and the trustee's removal, the remaining 10 contested issues set forth by the parties in their joint trial statement were accounting issues.

have recognized, and as they reflected in their joint trial statement, the issues are inseparable.

We acknowledge that we could parse through the statement of decision to find language in it that addresses certain—but not all—issues raised by Roger's omnibus petition. Doing so, however, is not consistent with *Conroy* and *Lock* where the statements of decision of the probate court completely disposed of all of the issues raised by the petitions in those cases. Electing to treat a statement of decision as a final order turned on those courts finding "a final determination on the petition" (*Estate of Lock*, *supra*, 122 Cal.App.3d at p. 897) had been reached; the matter between the parties had been completely determined and concluded.

## D. *A New Evidentiary Hearing on Donald's Accounting and Roger's Omnibus Petition is Required*

Based on the unique circumstances of this case, we deem the language in the statement of decision denying Donald's section 850 petition as a final order. The probate court heard the evidence on the petition and decided it with clear language that completely and finally resolved the issue between the parties. Nothing further remains for the court to do with the petition, and resolution of the petition is not subject to further modification by another judge. Donald's section 850 petition was heard and decided by the same judge. The one judge rule does not mandate a mistrial and a new evidentiary hearing on the petition.

The issues raised by Donald's accounting and Roger's objections, as well as Roger's omnibus petition and Donald's objections, however, present a different circumstance. For reasons noted, we cannot find that the probate court made a complete and final determination of those two petitions. The probate court's failure to grant a mistrial on those two petitions was an abuse of discretion.

With regard to the accounting, Donald sought probate court approval of his acts and transactions as part of his petition. Any order on the accounting would necessarily require a judge to rule on the acts, report and account of Donald raising issues concerning

17

the overall administration of the trust. The account cannot be approved without consideration of those factual issues. Moreover, to determine trustee's fees and offset for surcharge, if any, the probate court will be required to consider all facts relevant to the trustee's performance.

Under the one judge rule, the judge deciding Donald's accounting and Roger's objections to it cannot rely on factual matters as determined by Judge Steele in the statement of decision. "A party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence . . . . He cannot be compelled to accept a decision upon the facts from another judge . . . ." (*In re the Guardianship of Sullivan*, *supra*, 143 Cal. at p. 467.) Donald's accounting and the objections must be considered anew in their entirety; none of Judge Steele's factual findings—including findings related to valuation or breaches of trust warranting surcharge—may be relied upon to resolve Donald's accounting and Roger's objections. A new evidentiary hearing concerning all of the accounting issues is required.

We would reach this result even if we considered that the amount of attorney's fees due Roger under section 17211, subdivision (b), was the single issue remaining between the parties. The statement of decision found that Roger was entitled to fees but left the amount of fees for future hearing. Under section 17211, subdivision (b), Roger's entitlement follows from the probate court's *factual determination* that Donald's opposition to Roger's objections "was without reasonable cause and in bad faith." (§ 17211, subd. (b).) Thus, in determining an amount and making an actual award of attorney's fees without an evidentiary hearing, a judge would necessarily have to rely on and adopt factual findings (i.e., Donald's lack of cause and bad faith) made by a different fact finder (Judge Steele).

Moreover, as argued by Donald, the amount of fees awardable to Roger is a fact-intensive inquiry based on facts developed during the first phase of the evidentiary hearing. The amount of fees to award requires the court to assess the extent to which Donald was unreasonable and in bad faith in resisting Roger's objections, and the

18

proportion of fees attributable to the accounting issues. These are facts interwoven in phase one of the evidentiary hearing.[23]

Roger recognizes "the critical component to [the one judge] rule is the determination of factual findings." We disagree with Roger to the extent he believes no factual findings are required to make an attorney's fees award in his favor. He argues that because the statement of decision states Roger is entitled to his attorney's fees pursuant to section 17211, "[a]ll that remains is the allocation and determination of the amount of attorney's fees to award based on the application of the law and review of the Statement of Decision."

Roger's stated position explains exactly why the one judge rule requires a mistrial on the accounting issues. A judge other than Judge Steele cannot rely on the facts as set forth in the statement of decision to assist in determining the attorney's fees issue without violating the one judge rule.

As to Roger's omnibus petition, Roger's request for damages (a restatement of his objections to Donald's accounting) raises all the same issues with the one judge rule as Donald's accounting. Without resolution of all of the issues within the petition, we cannot find the statement of decision completely and finally resolves for the parties all of the issues raised by the petition.

### E. *Donald Did Not Waive the One Judge Rule*

"The right to have the same trier of fact decide all the factual issues can be waived." (*European Beverage, Inc. v. Superior Court*, *supra*, 43 Cal.App.4th at p. 1215.) Roger argues Donald waived his right to request a mistrial based on the one judge rule because he has "participated in subsequent proceedings" and "has actively sought the relief of the court on multiple occasions." According to Roger, "Donald . . . had the

---

[23] Further, Donald is entitled to an evidentiary hearing on a contested matter in the probate court and cannot be required to submit the issue on declarations. (§ 1022; *Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1308-1309.)

opportunity to [seek a mistrial] beginning September 30, 2014. Yet, not until February 17, 2015, after multiple filings and hearings before the new Probate Court judge, did Donald choose to move for a mistrial."

We disagree Donald waived his right under the one judge rule. There is no evidence that Donald participated in any matter "involving the hearing of evidence and [the] determination of facts" in front of a judge other than Judge Steele. (*European Beverage, Inc. v. Superior Court*, *supra*, 43 Cal.App.4th at p. 1215.) Moreover, nothing suggests there has been any evidence received by the probate court related to the second phase of the bifurcated proceedings.

## DISPOSITION

Let a peremptory writ issue directing the superior court to vacate its order of May 4, 2015, denying Donald's motion for a mistrial and to enter a new order granting the motion as to Donald's accounting, the objections thereto and Roger's omnibus petition, the objections thereto and denying it as to Donald's section 850 petition.

The stay of the related appeal and cross-appeal in B260371 is vacated.

The parties shall each bear their own costs.

BECKLOFF, J.[*]

We concur:

ZELON, Acting P. J.　　　　　　　　SEGAL, J.

---

[*]　　Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

20