Filed 9/24/20  P. v. The North River Ins. Co. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THE NORTH RIVER INSURANCE COMPANY et al.,<br><br>Defendants and Appellants. | B297118<br><br>(Los Angeles County Super. Ct. No. OSJ2121 |

APPEAL from an order of the Superior Court of Los Angeles County, Victoria B. Wilson, Judge.  Affirmed.

Jefferson T. Stamp for Defendants and Appellants.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and Kelsey C. Nau, Deputy County Counsel, for Plaintiff and Respondent.

In this bail forfeiture case, The North River Insurance Company and Bad Boys Bail Bonds appeal an order denying their motion to set aside summary judgment, vacate forfeiture, and exonerate bail. Appellants contend the motion should have been granted because the judgment is void as it was not entered by the same judge who forfeited the bail in the first instance. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2017, appellant Bad Boys Bail Bonds, acting as agent for appellant The North River Insurance Company, posted a bail bond in the amount of $50,000 for defendant Gregorio Garcia. The bond was filed on March 3, 2017, securing Garcia's release.

On March 21, 2017, Garcia failed to appear and in open court Commissioner Harkavy ordered the bond forfeited. On May 23, 2018, Judge Christopher Lui entered summary judgment against appellants based on Commissioner Harkavy's order of forfeiture. On November 15, 2018, appellants filed a motion to set aside summary judgment, vacate forfeiture, and exonerate the bond. On February 15, 2019, Judge Victoria B. Wilson denied the motion.

This timely appeal followed.

## DISCUSSION

The trial court's denial of a motion to set aside an order of forfeiture is reviewed for abuse of discretion. When the facts are undisputed and only legal issues are involved, we conduct an independent review. (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.)

Forfeiture of bail is governed by Penal Code sections 1305 and 1306.[1]  As a general rule, failure of a defendant to appear without sufficient excuse requires entry of such fact upon the minutes of the court, and an immediate forfeiture of the bail with prompt notice to the surety and its agent.  (§ 1305, subd. (a).)  After the bail bond is declared forfeited by the trial court, the bail agent is provided 180 days (plus five additional days when the notice is served by mail) to produce the defendant and reinstate or exonerate the forfeited bond.  (*Id.*, subd. (b).)  This is the "appearance period."  The court may extend the appearance period for up to an additional 180 days from its initial forfeiture order.  (§ 1305.4; *People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 43.)  If the defendant is brought to court during the appearance period, the forfeiture must be vacated and the bond exonerated.  (§1305, subd. (c)(1); *People v. Tingcungco* (2015) 237 Cal.App.4th 249, 253.)

If the appearance period closes without defendant's appearance or a set aside of the forfeiture, section 1306, subdivision (a) compels the trial court to enter summary judgment against the bail agent.  Indeed, the bail bond itself expressly sets out the agent's consent that "judgment may be summarily made and entered forthwith . . . for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code."  Entry of summary judgment in a bail forfeiture is a consent judgment entered without a hearing and the proceedings are not adversarial.  (*People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1047.)  Because the surety consents to judgment pursuant to the governing statutes, the

---

[1]     All further undesignated statutory references are to the Penal Code unless otherwise indicated.

"only issue in a challenge to the summary judgment is whether it was entered pursuant to the terms of the consent, which requires compliance with Penal Code sections 1305 and 1306." (*Ibid.*)

**There Is No Requirement That Only the Judge Who Heard the Evidence May Enter Judgment Pursuant to Section 1306, Subdivision (a).**

Appellants argue that only Commissioner Harkavy, the bench officer who ordered the bond forfeited, had the authority to enter judgment against them under section 1306, subdivision (a). Relying on *European Beverage, Inc. v. Superior Court* (1996) 43 Cal.App.4th 1211 (*European Beverage*), appellants argue that the judge who "heard the evidence" must also be the judge who enters judgment.

*European Beverage* involved a bifurcated bench trial where the judge who made initial factual findings on the equitable issues became unavailable to hear the remaining legal issues. The successor judge would have had to rely on factual findings made by the initial judge to complete the trial. The Court of Appeal held the parties were entitled to have the same trier of fact make the final decision because an interlocutory ruling can be changed up until entry of the final order. (*European Beverage*, *supra*, 43 Cal.App.4th at pp. 1213–1214.) Thus, when the judge who heard the evidence becomes unavailable to decide the remaining issues, a successor judge is obliged to rehear the evidence and make his or her own decision on all issues, including those that had been tried before the first judge, unless the parties stipulate otherwise. (*Id*. at p. 1214.)

We find *European Beverages* inapplicable to the highly regulated procedure for forfeiture of bail. Under the Penal Code, a surety has up to one year to produce the defendant to get the

bond exonerated.  And, regardless of the facts adduced at the initial hearing, exoneration is automatic if the defendant is produced during the appearance period.  (§ 1305, subd. (c)(1).) This is a lengthy process designed to protect the surety and ensure it has sufficient time to locate the absent defendant and make its arguments against final entry of judgment on the forfeiture.  Under the Penal Code, the surety is invited to come to court at any time during the appearance period and essentially write on a blank slate with new and additional evidence.  The initial order of forfeiture does not preclude new findings or a new and different order nor does it erect evidentiary or presumptive barriers to exoneration or reinstatement of bond; indeed the statutes governing forfeiture are designed to give the surety more "chances."  Because the facts found by the judge who initially forfeited the bond are not written in stone under this process which designed to protect the surety, we see no need to mandate that the same judge preside over every aspect of the forfeiture procedure.

Moreover, given the length of time granted to the surety to make its case against forfeiture, it is highly impractical to graft onto the statute a requirement that only a single judge may preside over all stages of the proceedings.  And "grafting" is exactly what we would be doing.  The language of section 1306 does not support appellants' argument.  Subdivision (a) states "the *court* which has declared the forfeiture shall enter a summary judgment . . . ."  (§ 1306, subd. (a), italics added.)  The California Constitution clearly states that the superior court of each county is a single entity made up of "one or more judges." (Cal. Const., art. VI, § 4.)  Given how carefully sections 1305 and 1306 delineate all aspects of the bail forfeiture process, we

conclude that if the legislature had wanted the same judge who declared the forfeiture to enter the summary judgment as well, it could have said so.  It did not.  Like our colleagues in Division 7, we read the language of section 1306 to require that if a bond is forfeited by the Los Angeles County Superior Court, summary judgment will be entered by the Los Angeles County Superior Court.  The identities of the individual bench officers involved in the process are irrelevant.  (*People v. North River Insurance Co.* (2020) 53 Cal.App.5th 559, 564–565.)

## DISPOSITION

The order is affirmed.  Respondent is awarded costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

BIGELOW, P. J.

GRIMES, J.